## ROBERTSON vs. WENDELL.

Where securities belonging to a very aged and infirm man were placed by him in the hands of the defendant for safe keeping, and to receive the monies thereon as they were voluntary paid for the complainant's use, and the defendant had been guilty of no negligence or default except a neglect to answer a letter of the complainant's solicitor, requesting a statement of the fund; *Held*, that there was no reason for charging the defendant with the costs of the suit for the recovery of the securities in his hands.

March 7. THIS was an appeal from so much of the decree of the vice chancellor of the third circuit as related to the general costs of the cause. In 1829 the complainant, an old man of eighty years of age, a neighbor of the defendant, left with him several bonds and mortgages and other securities, for safe keeping merely, and to receive payments thereon when the same were voluntarily offered, and to retain the monies until called for. Several sums were received by the defendant on these securities, and deposited in the bank, in his own name, where he always had a deposit more than sufficient to pay the amount due to the complainant; which monies were always paid by checks upon the bank when-

ever called for by the complainant. In September, 1834, the complainant having then removed to Upper Canada, he gave to the defendant a power of attorney authorizing him to make collections of his debts, &c. and to reinvest the monies in bank stock, or on bonds and mortgages; but to leave uninvested and subject to the complainant's order so much as he might want from time to time for his support, or for the payment of his debts, &c. After the giving of this power, the defendant received and deposited in bank as before, $1700, and paid over to the complainant at different times as called for, about $1400 thereof. When the last payment of $400 was made to the complainant, in May, 1835, the latter requested a statement of the securities in the defendant's hands, which the defendant promised to make out for him. A day or two after, he received a letter from the complainant's solicitor in Albany, requesting a statement of the securities in his hands. Which letter the defendant answered, promising to make out and send a statement thereof, but neglected it between three and four months. In the meantime he remitted other monies to the complainant which were received by him. In August, 1835, and without any further communication between the parties, or the solicitor and the defendant, the bill in this cause was filed for an account of the trust; and charging the defendant with fraud and a misapplication of the funds, and with having used the complainant's monies improperly for his own private purposes and emolument. The answer of the defendant denied the whole of the charges of the bill, except as to the mere neglect to furnish the statement required of him by the solicitor. The defendant stated in his answer, however, that he learned from the agent through whom he made the last payment to the complainant, that he was utterly incapable of transacting business or of taking care of himself or his property, and that it was necessary his relations should adopt measures to secure his property for his support, as he would dissipate it if it came to his hands, which information the defendant believed to be true; and that for this reason and from other

information derived from the relatives of the complainant, he the defendant had been unwilling to pay over the balance or to deliver up the securities in his hands unless he could be indemnified for so doing. And he offered to bring the monies and securities into court to abide its order and decree respecting the same. A replication was filed to the answer of the defendant, but no evidence was taken on either side either as to the state of the complainant's mind or as to the representations which had been made to the defendant respecting the same. A reference was directed to a master to ascertain what compensation the defendant was entitled to for his services. And upon the coming in of the report, a decree was made for the payment of the balance to the complainant and for a delivery of the securities, and charging the defendant with the complainant's costs.

*S. Stevens*, for the appellant.

*A. Taber*, for the respondent.

The Chancellor. Under the circumstances of this case, I think the decree was clearly wrong in charging the defendant with costs; and the only doubt I have is upon the question whether the defendant is not entitled to the costs of his defence, to be paid out of the fund. The conduct of the defendant in relation to the trust has been perfectly fair and blameless, except in the single point of neglecting to furnish the solicitor with a statement of the securities in his hands, within a reasonable time after the receipt of his letter. But as that letter did not contain any request to have the securities delivered over with a view to close the trust, I think a bill should not have been filed and this unnecessary expense made without some further communication with the defendant on the subject. The facts stated in the answer, as to the information received by the defendant respecting the situation of the complainant, in connection with his very advanced age, would of themselves have been sufficient to justify the defendant in declining to deliver over the property to him, except under the direction of the court,

although the trustee might have been misinformed as to the fact. But as a replication was filed to the answer, and as there is no evidence in the case to show the age of the complainant or that there was any circumstance from which the defendant had any reason to doubt his capacity to do business, the defendant must lose the benefit of this part of the answer. I shall, therefore, though with much hesitation, affirm so much of the decision of the vice chancellor as refuses costs to the defendant. Indeed, it is somewhat doubtful whether the appeal is broad enough to reach such a claim.

So much of the decree as orders the defendant to pay costs to the complainant must be reversed, with costs.