By the Court—Hoffman, J.
The only question presented to the Court relates to the check of $700, drawn by Mooney in favor of Terpenny upon the Bank, and transferred to Peck. Is this check, or the amount expressed in it, a proper set-off, or counterclaim, against the note sued upon ?
*343 The case of Chapman v. White, (2 Seld., 412,) seems to me to cover the present question entirely. It involves the position that the Island City Bank became the owner of the fund deposited by Mooney, and the latter had only a right of action against that Bank, and was in truth its creditor. The check was not an appropriation of a specific fund. It gave no right of action, as against the Bank, without acceptance; and if it gave no right of action, it cannot constitute a right of set-off, or counterclaim.
It may be that, when the Receiver shall wind up the affairs of the Bank, the holder of Mooney’s check may claim a pro rata dividend of what the Bank owed Mooney, and the proportion of the assets coming to him. It is impossible, in the present action, to liquidate accounts so as to ascertain what this sum would be, and thus allow an offset to that sum.
The case of Dykers v. The Leather Manufacturing Bank, referred to by Justice Gardiner, was first before Assistant Vice-Chancellor Hoffman, in December, 1841. He held that the drawing of a check upon a bank was not a specific appropriation of the funds of the borrower to the payment of that particular debt, in preference to holders of checks subsequently drawn. The drawer, therefore, might countermand the order at any time before his draft was actually paid or accepted by the bank. This proposition was recognized by the Chancellor. (11 Paige, 617.) Without acceptance, or some act, such as certifying the check to be good, no liability is created between the Bank and the holder of the check.
The line of reasoning which the case of Chapman v. White appears to warrant, might seem to extend to the cases of the other checks given by Terpenny, which were allowed to be deducted by the learned Judge below. But the distinction is this: The Bank had, in discounting the note, expressly appropriated its avails to the demand of the party on whose account it was discounted. It was a fund specially set apart. Terpenny had not withdrawn the whole of this sum by the amount of the check for $280. He gave Peck this particular sum by his check.
So as to the dividend of $70, the Bank had declared the right . of Terpenny to this specific amount, as a specific fund. Terpenny, therefore, had a right to say that the Bank held so much money on these two accounts particularly belonging to him, and *344 applicable to the reduction of the note for which he was principally liable.
Had Terpenny drawn out these two funds and then redeposited them in one sum, the case would have been different. The judgment must be affirmed, with costs.
Judgment affirmed.[1]

 As to the main point discussed, see 6 Duer, 463, 483,484, and 19 N. Y. R., 499. As to the charge in respect to the two checks of $380 and $70; it may he suggested that the plaintiff did not appeal; and therefore the appeal taken did not involve the question of its accuracy. But if the Receiver stood in no better situation in this respect than the insolvent Bank would if plaintiff (2 R. S.,464, [§42] 469, [§§68-74,] id., 41, [§7] 47, [§36] 6 Paige 320, 2 id., 581, 9 Cow., 409, 212 N. Y. R., 159,) it is difficult to see why Terpenny, whose moneys the Bank held and to whom the moneys were due at the time the Bankhecame insolvent to the extent of the $280 and $70, had npt a clear right of set-off, and if he availed himself of that right as he did on the trial, it would necessarily avail to the ‘same extent in favor of the other defendant, an accommodation maker of the note in suit. Reporter.