CROFT C. CARROLL, Respondent, *v.* CLAYTON E. SWEET, Appellant.

While, as between the holder and drawer of a check, presentment may be made at any time, and delay in presentment does not discharge the liability of the drawer, unless loss has resulted to him, a different rule obtains as between holder and indorser.

The holder, on accepting the check, assumes the obligation to present the same for payment within the time prescribed by the law merchant, *i. e.*, not later than the next day after its date, and if payment is refused, to protest the same and give notice of non-payment. A failure to do this discharges the indorser from liability as such, irrespective of any question of loss or injury.

In an action to recover the balance of an indebtedness for services rendered, in which the defense was payment, it appeared that one W. gave his check to defendant for the amount of a loan. Defendant, on the same day, indorsed and delivered it to plaintiff at the place where the bank on which it was drawn was located, to apply upon the indebtedness in

suit. W. requested plaintiff to hold the check for a few days, stating if plaintiff would let him know when he wished to use the check, he would then provide for it. W. testified on the trial that he had then enough money to pay the check and would have paid it had payment been insisted upon. Plaintiff kept the check for nine days before he presented it for payment. W. in the meantime had become insolvent. The cashier of the bank on which it was drawn testified that there were no funds to meet it, and it would not have been paid if it had been presented any time after the day of its date. There was no agreement that the check in suit should be taken in absolute satisfaction of the debt. The court directed a verdict for the plaintiff. *Held,* error; that the delay in presenting the check discharged defendant from liability as indorser; that the delay was not excused by the fact that the drawer had no funds, or was insolvent, or because presentment would have been unavailing as a means of procuring payment; that while the indorsement and transfer of the check operated as a provisional payment only, if the delay caused a loss to defendant, to the extent of the loss the delay was tantamount to actual payment; that as there was evidence tending to show that the delay prevented a collection of the check in whole or in part, and that so much was lost to defendant, the case should have been submitted to the jury.

(Submitted May 4, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 9, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court, and affirmed an order denying a motion for a new trial.

This was an action to recover the balance of an indebtedness for services rendered. The defense of payment by check was interposed.

The facts, so far as material, are stated in the opinion.

*H. E. Losey* and *J. W. Bartram* for appellant. The plaintiff was guilty of *laches* in dealing with the Woodruff check; when he accepted the check he assumed the duty of causing proper demand of payment to be made, and notice of non-payment to be duly given to the defendant as indorser. (*Cromwell* v. *Lovett,* 1 Hall, 56 ; *Murray* v. *Judah,* 6 Cow. 484 ; *Smith* v. *Miller,* 43 N. Y. 171 ; *Burkhalter* v. *S. N. Bank,* 42 id. 538 ; *M. Bank* v. *Broderick,* 13 Wend. 134 ; *Alexander* v.

*Burchfield,* 7 M. & G. 1061.) By reason of the plaintiff's neglect to make due demand and give due notice of the dishonor of the check in question, he discharged the defendant from all liability either upon the check or upon the indebtedness for which it was transferred to the plaintiff. (*Smith* v. *Miller,* 43 N. Y. 171; Daniels on Neg. Inst. § 1587; 52 N. Y. 545; *C. Bank* v. *Hughes,* 17 Wend. 98; *Clift* v. *Rodgers,* 25 Hun, 39; *People ex rel.* v. *Cromwell,* 102 N. Y. 477.)

*Carter, Hughes & Kellogg* for respondent. The Woodruff check was received by the plaintiff as conditional payment. (*Bradford* v. *Fox,* 38 N. Y. 290; *Tobey* v. *Barber,* 5 Johns. 68; *Noel* v. *Murray,* 13 N. Y. 167, 172; *Buswell* v. *Pomier,* 33 id. 312.) The liability of the defendant upon the original debt is not to be determined by his liability as indorser. (*Hamilton* v. *Cunningham,* 2 Brock. 500; *Gallagher* v. *Roberts,* 2 Wash. C. C. 191; *Flieg* v. *Sleet,* 43 Ohio St. 53.) The Woodruff check was not available to the plaintiff as a means of obtaining payment of his claim. (*Sutter* v. *Vandeveer,* 122 N. Y. 653.) No loss was occasioned to the defendant by the delay in the presentation of the check. (*Carroll* v. *Sweet,* 25 J. & S. 107; Daniels on Neg. Inst. § 1596; *F. N. Bank* v. *F. N. Bank,* 77 N. Y. 320; *S. R. R. Co.* v. *Collins,* 57 id. 644; *Bradford* v. *Fox,* 38 id. 290.)

ANDREWS, J. The indorsement and transfer by the defendant to the plaintiff of the check to Woodruff operated as provisional payment only of so much of the antecedent debt owing by the defendant to the plaintiff. There was no agreement that it should be taken in absolute satisfaction of the debt and, in the absence of such an agreement, the intendment of law is that it was conditional payment only. (*Hill* v. *Beebe,* 13 N. Y. 566; *Bradford* v. *Fox,* 38 id. 289.) The debt remained until discharged by payment of the check or by such dealing with the check by the plaintiff as would, in judgment of law, convert what was originally a provisional payment into an absolute one. The check was dated

August 22, 1887, and was drawn on the Asbury Park National Bank and was on the same day indorsed and delivered by the defendant to the plaintiff at the place where the bank was located.

The plaintiff on accepting the check assumed, as between himself and the defendant, an obligation to present the same to the bank for payment within the time prescribed by the law merchant, that is to say, not later than the next day after its date, and if refused, to protest the same and give notice of non-payment. (*Smith* v. *Janes*, 20 Wend. 192.) It was not presented until the thirty-first of August, nine days after it was received by the plaintiff. The defendant was, by such delay, discharged from liability as indorser of the check, irrespective of any question of loss or injury. Presentment in due time, as fixed by the law merchant, was a condition upon performance of which the liability of the defendant as indorser depended, and this delay was not excused although the drawer of the check had no funds, or was insolvent, or because presentment would have been unavailing as a means of procuring payment. (*Mohawk Bank* v. *Broderick*, 10 Wend. 304; *Gough* v. *Staats*, 13 id. 549.) A different rule obtains as between the holder and drawer of a check. As between them presentment may be made at any time and delay in presentment does not discharge the liability of the drawer unless loss has resulted. (*Little* v. *Phenix Bank*, 2 Hill, 425.)

The action here is not upon the indorsement of the defendant, but upon the original indebtedness. If the discharge of the defendant's liability as indorser discharges also his liability as debtor for the original debt, the judgment must on that ground be reversed. In *Hamilton* v. *Cunningham* (2 Brock. 350), Chief Justice MARSHALL considered the effect of the neglect of the holder of a bill to give due notice of dishonor, whereby prior parties thereto were discharged, upon the liability of a debtor for the debt for which the bill was drawn. After showing that the authorities in which the debtor had been held discharged, proceeded upon the theory that he had sustained

an actual loss, reached the conclusion that the true principle is "that if a bill be received as provisional payment, the omission to give due notice of its dishonor, deprives the creditor of his action on that bill, but does not compel him to take it in absolute payment or deprive him of his action on the original debt further than damage has been sustained actually or in legal supposition by the debtor." (See also *Gallagher's Exrs.* v. *Roberts*, 2 Wash. C. C. 191; *Fleig* v. *Sleet*, 43 Ohio St. 53.) I am not sure that this doctrine is reconcilable with expressions in the opinion of this court in *Smith* v. *Miller* (43 N. Y. 171; *S. C.*, 52 id. 545.) That was an action to recover a debt for which the defendant had drawn his draft on J. K. Place & Co., and forwarded it to the plaintiff, the creditor. It was presented on the same day it was received to the drawees, and the plaintiffs received therefor the drawee's check on a bank and surrendered the draft. The check was not presented to the bank until the next day, when payment was refused, the drawee meanwhile having failed. The check would have been paid if it had been presented on the day it was given, which might have been done. The plaintiffs did not demand a return of the draft, and it was not protested, nor was any notice of non-payment given to the drawees. The court rendered judgment for the defendant on two grounds, *first*, that in the absence of proof of demand and refusal and notice to the drawees, according to the usual course, there could be no recovery upon the draft or upon the indebtedness upon which it was given, and *second*, on the ground of negligence in failing to present the check on the day on which it was given. The last ground stated was upon the facts a satisfactory basis for the judgment, and the same principle was applied upon similar facts in *First National Bank* v. *Fourth National Bank* (77 N. Y. 320).

In the view we take of the present case, it is unnecessary to inquire whether the cases cited from this and other courts are in conflict, or if so which class of cases stand upon the better reason. The court in this case directed a verdict for the plaintiff, and in this we think there was error. It cannot be

doubted that if there was evidence tending to show that the delay in presenting the check to the Asbury Park Bank prevented its collection, or from which the jury might find that the whole, or any part of the debt owing by the drawer of the check to the defendant, for which the check was given, was lost by reason of the delay in the presentment, or by dealings between the plaintiff and the drawer, in respect to the check, without the assent of the defendant, the case should have been submitted to the jury. To the extent of the injury, the law would treat the omission to make due presentment as tantamount to payment.

The facts most favorable to the defendant need to be stated. Woodruff, the maker of the check, when the check was given, was conducting a hotel at Asbury Park, and the parties to the action were guests at his house. The defendant was indebted to the plaintiff for dentistry work, and the former, who resided in New York, had loaned money to Woodruff for which the check was given, and on same day defendant received the check he delivered it to the plaintiff on his debt. Woodruff had an account with the Asbury Park National Bank. On the day of the date of the check the bank charged to his account a demand note held by the bank against him for $500, but so far as appears without any notice to Woodruff, and this rendered his bank account overdrawn. Woodruff was in embarrassed circumstances, but was in the daily receipt of about $600 from his business. He used part of the receipts for current expenses, without depositing them, and between the twenty-second and thirty-first of August he deposited $900 in the bank to the credit of his account, and the inference is that it was applied in part to pay the $500 note and in part to pay current checks drawn by Woodruff. On the twenty-second of August, the day on which Woodruff's check to the defendant is dated, and after it had been indorsed to the plaintiff by the defendant, Woodruff, who had been informed of the transfer, requested the plaintiff to accommodate him by holding the check a few days, stating as a reason that he was pressed in the payment of his accounts, to

which request the plaintiff assented. He asked the plaintiff to let him know when he wished to use the check, as he would then provide for it. Woodruff testified that he had money in his office sufficient to pay the check, and would have paid it at any moment had payment been insisted upon; that he was .in the receipt of about $600 a day, and that he redeemed a number of other checks which went to protest at this time; that two or three days after the conversation of the twenty-second of August he spoke to the plaintiff again, and the plaintiff informed him that he had sent the check west. Woodruff said to him that he regretted it very much, as he wished to make provision for the check. The cashier of the bank testified that there were no funds to meet the check, and that it would not have been paid if it had been presented any time after the twenty-second of August. On August thirty-first Woodruff, who was behind in his rent, was dispossessed from the hotel premises and his business was closed and he then was and now is insolvent.

It may be conceded that the only obligation upon the plaintiff, as between him and the defendant, was to present the check at the bank for payment within the time prescribed by law, and if payment was refused, to have the same protested and notice of non-payment given to the defendant. If he had performed this duty the defendant would have been apprised of the default and he would have had an opportunity to take such measures as he could to secure payment from Woodruff. One of the objects of requiring prompt notice to be given to indorsers and other parties secondarily liable on commercial paper, in case of default, is that they may have an opportunity to secure themselves. Checks are supposed to be drawn against funds of the drawer and *prima facie* where it is shown that the drawer's account was not good, the inference of injury from non-presentment would be rebutted. But where, as in this case, it is shown that the maker of the check was solicitous that it should be paid, that he had the means of payment at command and would have provided for or paid the check if payment had been insisted upon; that

the holder was apprised of the facts and for the accommodation of the maker refrained from presenting the check, and presentation was delayed until open insolvency of the maker occurred and he became, by the change of circumstances, unable to provide for the check, it cannot be said, we think, that there was no legal evidence of injury to be submitted to the jury. The plaintiff, instead of taking the usual course, undertook to deal with the maker of the check in disregard of his primary obligation to the defendant. It was for the jury to pass upon the circumstances and to find whether the conduct of the plaintiff imposed a pecuniary injury upon the defendant. To the extent of such injury the law adjudges that the debt of the plaintiff has been paid.

The judgment below should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.