RICHARD M. MARTIN et al., as Executors of WILLIAM CAMP-BELL, Deceased, Respondents, *v.* HOME BANK, Appellant.

1. BANKING — CHECK CREDITED TO INDORSING DEPOSITOR — DISCHARGE OF INDORSER AND DRAWER BY OMISSION OF BANK TO PRESENT CHECK — DEPOSITOR'S RIGHT OF ACTION TO RECOVER AMOUNT OF CHECK TAKEN UP BY HIM IN IGNORANCE OF FACTS. A bank, on crediting to a depositor the check of a third party drawn on another bank and indorsed by the depositor, assumes the obligation to present it for payment within a reasonable time; and if it omits so to do, and the check is dishonored, through the failure of the bank on which it was drawn, while if it had been duly presented it would have been paid from funds of the drawer provided to meet it, both the indorser and drawer are discharged; and if the depositor, in ignorance of the facts, pays the amount of the check to·

his bank under his supposed liability as indorser, he has a good cause of action against the bank for the recovery of the money so paid by mistake.

2. AMENDMENT OF COMPLAINT ON TRIAL.     Where a complaint seeking to recover from a bank the amount of a check indorsed by the plaintiff states that the check was received by the defendant from the plaintiff for collection, and that the defendant failed to present it at the bank where payable within a reasonable time, and that in consequence the plaintiff lost the amount for which it was drawn, it is within the discretionary power of the trial court, under section 723 of the Code of Civil Procedure, to permit the complaint to be amended, in conformity with the proof, by substituting an allegation that the check when deposited by the plaintiff was credited to him, and after its dishonor the defendant requested the plaintiff to take it up, which he did, without knowledge of facts by reason of which all parties to the paper had been discharged.

3. RESTORATION BEFORE ACTION FOR RESCISSION.     The rule that when a party begins an action to rescind a contract or a transaction, he must first restore what he has received under it, does not apply where the thing received is of no value in the hands of any one, such as a check, the drawer and indorsers of which have been discharged by the omission of the bank in which it had been deposited to draw the money upon it, and which, not having been accepted or certified by the bank on which it was drawn, constitutes no obligation upon that bank.

4. DEMAND BEFORE SUIT.     No demand for the repayment of money paid under a mistake of fact is necessary before the commencement of an action therefor, when the defendant is not a bailee or trustee that had rightfully become possessed of the money, but is a party that has consciously received what did not belong to it.

*Martin* v. *Home Bank,* 30 App. Div. 498, affirmed.

(Argued June 16, 1899; decided October 3, 1899.)

APPEAL from a judgment of tne Appellate Division of the Supreme Court in the first judicial department, entered June 17, 1898, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court, and an order denying a motion for a new trial.

The nature of the action ana the facts, so far as material, are stated in the opinion.

*Charles F. Brown* and *William Beecher* for appellant. Negligence in not duly collecting a check was the gravamen of this action, and the burden was on plaintiff to establish a collection agreement, negligence and the resulting damages.

(S. & R. on Neg. chap. 30; *Kirkham* v. *Bank of America*, 26 App. Div. 110; *First Nat. Bank* v. *F. Nat. Bank*, 77 N. Y. 320; *Ayrault* v. *Pacific Bank*, 47 N. Y. 570.) Where a check is deposited as cash, the relation of debtor and creditor is thereby created between the bank and its depositor, but where a check is left with a bank for collection, the relation thereby created is that of principal and agent. (*Cragie* v. *Hadley*, 99 N. Y. 131; *M. Nat. Bank* v. *Loyd*, 90 N. Y. 530; *Commercial Bank* v. *Hughes*, 17 Wend. 94.; *N. P. Bank* v. *Seaboard Bank*, 114 N. Y. 28; *Nat. B. & D. Bank* v. *Hubbell*, 117 N. Y. 384; *Naser* v. *First Nat. Bank*, 116 N. Y. 492; *Lafort* v. *Carpenter*, 91 Hun, 76.) A party must recover not only by his proof, but upon his allegations. There must be both statement and proof. A party must allege, as well as prove, the facts constituting his cause of action, and a recovery upon a cause of action not alleged in the complaint is not sustainable. (*Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Clark* v. *Post*, 113 N. Y. 17; *Reed* v. *McConnell*, 133 N. Y. 425; *Truesdell* v. *Sarles*, 104 N. Y. 164.) A party cannot change the whole theory of his case by an amendment on the trial, duly objected to, and recover upon an entirely different cause of action from that set forth in the complaint. (*Reed* v. *McConnell*, 133 N. Y. 425; *Freeman* v. *Grant*, 132 N. Y. 22; *Carroll* v. *Collins*, 6 App. Div. 106; *Smith* v. *Smith*, 4 App. Div. 227; *People* v. *Dennison*, 84 N. Y. 272; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420.) Plaintiffs utterly failed to prove the allegations and cause of action set forth in their complaint, or to establish facts sufficient to entitle them to judgment. (*Tripler* v. *Mayor, etc.*, 125 N. Y. 617; *U. S. T. Co.* v. *Mayor, etc.*, 77 Hun, 182; affd., 144 N. Y. 488; *Wood* v. *Mayor, etc.*, 25 App. Div. 577; *Cox* v. *Mayor, etc.*, 103 N. Y. 519; *Bennett* v. *Bates*, 94 N. Y. 354; *Flower* v. *Lance*, 59 N. Y. 603; *Starr* v. *Starr*, 54 Hun, 300; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Scholey* v. *Halsey*, 72 N. Y. 578; *Goodwin* v. *Wertheimer*, 99 N. Y. 149.) The present action cannot be maintained as one to recover money paid to the bank by Campbell

through fraud or mistake. Such an action must rest upon the rescission of an executed contract, and the rule is settled that if one has been induced to pay money or to deliver property by such means, he is entitled to rescind the transaction, but he must, as a prerequisite to his right to maintain an action to recover such money or property, restore or offer to restore to such party whatever he received under the contract. (2 Pars. on Cont. [8th ed.] 795 ; *Cobb* v. *Hatfield,* 46 N. Y. 533 ; *Schiffer* v. *Dietz,* 83 N. Y. 308 ; *Gould* v. *C. C. Nat. Bank,* 86 N. Y. 75 ; *Francis* v. *N. Y. & B. E. R. R. Co.,* 108 N. Y. 93 ; *Cox* v. *Stokes,* 156 N. Y. 491 ; *Bullard* v. *Beveridge,* 6 App. Div. 349 ; *Evans* v. *Gale,* 17 N. H. 573 ; *Thayer* v. *Turner,* 8 Metc. 550 ; *Little* v. *Phenix Bank,* 2 Hill, 425 ; *Carroll* v. *Sweet,* 128 N. Y. 19.)

*John W. Boothby* for respondents. The defendant, by its neglect to present this check to the drawee, Herman Schaffner & Co., Chicago, until the third day of June, discharged the drawer of the check, the prior indorser, and the plaintiffs' testator, as indorser, from all liability, and the check was uncollectible in the hands of anybody. (*Little* v. *Phenix Bank,* 2 Hill, 425 ; *Murray* v. *Judah,* 6 Cow. 490 ; *Carroll* v. *Sweet,* 128 N. Y. 19 ; Daniel on Neg. Inst. § 1592 ; *Taylor* v. *Sip,* 30 N. J. L. 284 ; *Moule* v. *Brown,* 4 Bing. N. C. 266 ; *Bank of Wymore* v. *Miller,* 37 Neb. 501.) When Mr. Campbell gave his check on the eighth of June to the Home Bank to take up this worthless check, without knowing the facts in regard to it and without knowing that he had been released from all liability to do so, he was undoubtedly entitled to recover that money from the bank as soon as he discovered that he had paid them money which he did not owe them, and which he was not liable for. (*Lake* v. *Artisans' Bank,* 3 Abb. Ct. App. Dec. 10 ; *Talbot* v. *Nat. Bank,* 129 Mass. 67.) The points taken by the appellant, in its brief on appeal to this court, that the payment by Campbell to the bank to take up the Peats check was voluntary, and that no offer to return

25

the Peats check was proved to have been made by Campbell, and that no demand for the return of the money was proved, are not available here, as they were not taken before the trial court or on the appeal to the Appellate Division. (*Post* v. *M. R. Co.*, 125 N. Y. 697; *Smith* v. *Smith*, 125 N. Y. 224; *Adams* v. *I. N. Bank*, 116 N. Y. 606; *Oliphant* v. *Burns*, 146 N. Y. 236; *Uertz* v. *S. Mfg. Co.*, 35 Hun, 116; *Binsse* v. *Wood*, 37 N. Y. 526.) If the objections referred to may be now considered, they are not well taken. (*Lake* v. *Artisans' Bank*, 3 Abb. Ct. App. Dec. 10; *Gould* v. *C. C. N. Bank*, 86 N. Y. 75; *U. Bank* v. *Van Gieson*, 18 Johns. 485; *Sharkey* v. *Mansfield*, 90 N. Y. 227; *Andrews* v. *Artisans' Bank*, 26 N. Y. 298; *Strong* v. *Strong*, 102 N. Y. 69; *Pryor* v. *Foster*, 130 N. Y. 171.) The direction of the court was right. The plaintiffs having proved a cause of action, without objection on the part of the defendant, and the defendant having asked for a direction in their favor, waived their right to go to the jury, and submitted to the judge the law and the facts. (*Kirtz* v. *Peck*, 113 N. Y. 222.) The technical objections in the appellant's points as to the amendment of the pleadings do not go at all to the merits of the case, and were not well taken. (Code Civ. Pro. § 723; *Deyo* v. *Morss*, 144 N. Y. 216; *Pratt* v. *H. R. R. R. Co.*, 21 N. Y. 305; *Bate* v. *Graham*, 11 N. Y. 237; *Scofield* v. *Whitelegge*, 49 N. Y. 262; *Cohu* v. *Husson*, 113 N. Y. 662; *Bryan* v. *Baldwin*, 52 N. Y. 232.)

O'BRIEN, J. The plaintiffs' testator, William Campbell, brought this action to recover from the defendant the sum of $4,925, which he claimed was paid by him to the defendant by mistake of fact. The original plaintiff died during the pendency of the action, and his executors, the present plaintiffs, were substituted in his place. The courts below have sustained the claim and awarded judgment against the defendant.

The facts upon which the judgment rests were undisputed, and at the close of the case the learned trial judge directed a verdict for the plaintiffs, and there was no request by either party to have any question submitted to the jury.

It appears that on May 27th, 1893, one Peats, being indebted to Campbell, drew his check for the sum above mentioned upon a firm of bankers in Chicago to the order of one Ballou, who was the agent of Campbell, and who received the check in payment of the debt. The payee indorsed and delivered this check to his principal, the original plaintiff in this action. The latter received it after banking hours on the 27th. The next day was Sunday, and on Monday, the 29th, at about ten o'clock in the morning, he indorsed and delivered the check to the defendant, a bank in the city of New York, and the depositor was credited with the amount in his account. The check was not presented at the bank in Chicago, where it was payable, until June 3d, five days after it was deposited with the defendant, and payment was then refused. Had the defendant transmitted the check by mail in the regular course of business, it would have reached Chicago and could have been presented for payment at ten o'clock of the second day after it was deposited, that is, on May 31st. The drawer of the check had at all times sufficient and more than sufficient funds in the bank upon which it was drawn, subject to check, to pay it, but on the morning of June 3d, 1893, these bankers failed and suspended payment, and when the check was presented that day for payment, it was dishonored and subsequently protested and returned to the defendant. The plaintiffs' testator, who had indorsed and deposited it to his credit, was notified of the dishonor, and, supposing that he was liable upon the paper so indorsed, took it up, paying to the defendant the face of the check, interest and protest fees. He subsequently brought this action to recover the sum so paid.

The defendant, on receiving the check, assumed the obligation to present it for payment within a reasonable time, and had this obligation been discharged, the check would have been paid and no one would have sustained any loss from the transaction. That the defendant neglected or failed to perform this duty is a fact in the case that is not now seriously questioned. The legal effect of the defendant's omission in

this respect was to discharge the indorser and the drawer as well, since the latter had provided funds to meet the check which were lost by the failure of the bankers upon whom it was drawn. When the indorser paid the check without knowledge of the facts, the defendant received so much money from him to which it was not legally entitled. The plaintiffs' testator, having paid the check without knowledge of the facts which discharged him from all liability as indorser, was entitled to call upon the defendant to restore the money so paid. (*Carroll* v. *Sweet*, 128 N. Y. 19 ; *St. N. Bank* v. *S. N. Bank*, Id. 26 ; *Murray* v. *Judah*, 6 Cow. 490 ; *Little* v. *Phenix Bank*, 2 Hill, 425 ; *Lake* v. *Artisans' Bank*, 3 Abb. Ct. App. Dec. 10 ; Daniel on Neg. Inst. § 1592.)

The indorser, therefore, had a good cause of action against the defendant, and unless the points urged by the defendant on this appeal, which will presently be considered, are of sufficient importance to defeat the recovery, the judgment must be sustained.

The first objection urged by the learned counsel for the defendant does not relate to the merits, but to the procedure or practice at the trial. The complaint as originally framed stated that the check was received by the defendant from the plaintiff for collection, and that it failed to present it at the bank where payable within a reasonable time, as it was bound to do, and that in consequence of this omission the plaintiff lost the amount for which it was drawn. It was shown at the trial without objection that the plaintiff had been credited with the check, and, therefore, that the defendant became the owner of it by the transaction, and that the depositor's relation to it was that of indorser. After this proof was all given the plaintiff requested the court to permit the complaint to be amended by conforming the allegations to the proof. The defendant's counsel objected, but the court ordered the amendment and the defendant excepted. The complaint was then amended by inserting an allegation that the check when deposited was credited to the plaintiff, and after its dishonor the defendant requested the plaintiff to take it up, which he

did, without knowledge of the facts by reason of which all the parties to the paper had been discharged. This allegation was substituted for that in the original pleading which stated that the defendant had received the check for collection. It is urged that the court had no power to allow the amendment, and that the ruling in that respect was an error for which the judgment should be reversed. By section 723 of the present Code the court has power at the trial to amend a pleading by inserting an allegation material to the case, or where the amendment does not change substantially the claim or defense, by conforming the pleading to the facts proved. This power may be exercised by the court at the trial in furtherance of justice, and the statute which confers it has always received, in this court, a liberal rather than a narrow construction. When names were given to actions it may be that the cause of action originally pleaded and that substituted at the trial would not be embraced in the same general classification, but that circumstance is not now very important. When a cause of action, however stated, is sustained by the same proof, the power of the court under this section to conform the statement in the pleading to the facts proved is undoubted. It is not quite correct to say in this case that the original pleading stated a cause of action against the defendant based on negligence, while the amendment changed the action into one upon contract. In both cases the gravamen of the action was a breach on the part of the defendant of the obligation implied by law to present the check for payment within a reasonable time. Under the complaint, as originally framed, the plaintiff sought to recover the amount of the check as damages for breach by defendant of this obligation. Under the complaint, as amended, he sought to recover the same sum of money on the ground that he had paid it to the bank under mistake, in that he supposed he was liable on the check, as indorser, when he was not. In either form of action the essential fact to be established was the omission of the defendant to collect the check or present it for payment within a reasonable time. The plaintiff's loss and the right of recovery grew out of and

depended upon the same facts in either case.   In both cases
the real scope and purpose of the action was to make the plain-
tiff good for the loss which he sustained in consequence of the
failure of the defendant to discharge the obligation or duty
which it had assumed upon the receipt of the check.

A cause of action, based upon the omission of the defend-
ant to draw out the money upon the check before the bank
upon which it was drawn failed, is not substantially different,
within the fair meaning of the statute, from a claim to make
the plaintiff good for the money paid by him to take up the
same check under circumstances then unknown to him, which
deprived the defendant of the right to demand or receive it.
When the claim in either form can be substantiated by the
same facts it would be a miscarriage of justice to turn the
plaintiff out of court, after the proof was all in without objec-
tion, on the ground that he had stated his claim in one way
and proved it in another way.   The power of the court to
amend when such a situation is presented is ample.   The fail-
ure of the defendant to present the check in time having been
shown, the court could permit the plaintiff to so amend the
complaint as to conform it to the facts proved and thus end
the controversy.   This court and other courts have in numer-
ous cases sustained recoveries after an amendment at the trial
that worked even more radical changes in the situation than
the amendment which was allowed in this case.   (*Thomas* v.
*Nelson,* 69 N. Y. 118; *Reeder* v. *Sayre,* 70 N. Y. 180;
*Knickerbocker Life Ins. Co.* v. *Nelson,* 78 N. Y. 137; *How-
ard* v. *Johnston,* 82 N. Y. 271; *Barnett* v. *Meyer,* 10 Hun,
109.)   The leading cases cited by the defendant in support of
its contention have no application, for the plain reason that the
party in these cases recovered upon a cause of action or
defense, not pleaded, without having applied for or procured
any amendment whatever.   (*Reed* v. *McConnell,* 133 N. Y.
425; *Freeman* v. *Grant,* 132 N. Y. 22.)   They have no bear-
ing upon the question that we are now concerned with, which
is the power possessed by the court to amend a pleading at
the trial, so as to conform to the proofs, in furtherance of jus-

tice.  A party may not recover upon a cause of action not pleaded, but this case is not within that rule, since the very cause of action upon which the verdict was rendered has been pleaded by the express order and permission of the court. What the learned counsel for the defendant complains of is not that the judgment is without a proper pleading to sustain it, but that the plaintiff was allowed to amend and insert this pleading in the record at the trial.  This, we think, was within the power of the court, in the exercise of a sound discretion and in furtherance of justice, and the exercise of that discretion having been approved by the court below upon a review of the case, the exception presents no question of law for this court.

The other point urged in support of the appeal is that the plaintiff should have returned or tendered to the defendant the check before he could recover the money paid upon it, and that in any event the defendant was not liable for the money received until after a demand made.  It would be a sufficient answer to these objections to say that no such question was raised at the trial, or even presented to the court below upon the hearing of the appeal.  It is well settled that this court will not, for the purpose of reversing a judgment, entertain questions not raised or argued at the trial, or upon the intermediate appeal.  (*Post* v. *Manhattan R. Co.*, 125 N. Y. 697; *Smith* v. *Smith*, Id. 224; *Oliphant* v. *Burns*, 146 N. Y. 236; *Adams* v. *Irving National Bank*, 116 N. Y. 606; *Flandrow* v. *Hammond*, 148 N. Y. 129; *Quinlan* v. *Welch*, 141 N. Y. 159; *Gillies* v. *Improvement Co.*, 147 N. Y. 420; *Binsse* v. *Wood*, 37 N. Y. 526.)  These objections may, however, be very satisfactorily answered on their merits. It is quite true that when a party begins an action to rescind a contract, or a transaction, he must first restore what he has received under it, but if the thing received is of no value, he is not bound to return it, since the law will not insist upon the performance of an idle ceremony.  (*Gould* v. *Cayuga County National Bank*, 86 N. Y. 81.)  The check in question was not of the slightest value in the hands of any one.  It was

not good against the drawer, since he had provided the funds to meet it, which were lost by the neglect of the defendant to present it for payment in time. It was not good against any of the indorsers, since they were discharged by the defendant's delay in presenting it. It was not good against the drawees, the Chicago banking firm, since they were not parties to it, not having accepted or certified it. Thus it will be seen that every one who was a party to the paper was discharged from all liability upon it in consequence of the defendant's failure to present it, and hence the possession of the dishonored check could be of no benefit to the defendant, or any one else. The money which the drawer had placed in the bank to meet the check passed upon the failure of the bankers to their assignee for the benefit of creditors generally.

It is suggested that had the check been returned to the defendant it might, as the holder thereof, be entitled to share in the assets of the insolvent bankers in Chicago when distribution is made by the assignee. But the right to share in this distribution does not depend upon the possession of the check, but upon facts outside of it which may confer an equitable right upon the defendant to the dividend. The check cannot aid the defendant in that direction, since it would have to base its claim upon the facts following the issuing of the check and the circumstance that it may be compelled to pay the judgment in this case. The defendant is in as good a position in this respect without the check as it would be with it. It does not appear whether any dividend was ever made to the creditors by the assignee of the bankers upon whom the check was drawn. The possession of the check would not confer any right upon any one to receive it if made.

The record of the whole transaction upon defendant's books would be quite as useful for that purpose as the check. All this must follow from the general principle so well settled that a check drawn upon a bank generally does not operate as an assignment of the drawer's funds in the bank, and unless accepted or certified by the bank creates no obligation against the drawee. (*Chapman* v. *White,* 6 N. Y. 412; *Lunt* v.

*Bank of North America*, 49 Barb. 221; *Butterworth* v. *Peck*, 5 Bosw. 341; *Dana* v. *Third National Bank*, 13 Allen, 445; *Bullard* v. *Randall*, 1 Gray, 605; Morse on Banks and Banking, 29, 275.)    Since the check did not operate as an assignment of the fund in the bank, or create any obligation against the bankers, and the drawer and indorsers having been discharged by the defendant's omission to draw the money upon it, the paper was of no value in the hands of any one.

Nor was any demand upon the defendant for the payment of the money necessary before this action was commenced. The defendant was not a bailee or trustee that had rightfully become possessed of the money, but a party that had consciously received what did not belong to it.    The defendant received and held the money as its own, and the duty to restore it arose at the moment it was received, and existed at all times thereafter.    (*Sharkey* v. *Mansfield*, 90 N. Y. 227, 229.)

It is not necessary to discuss the facts.    The history of the check and the delay on the part of the defendant in presenting it have already been referred to, and there was no dispute concerning these facts at the trial.    The plaintiff's ignorance of the facts at the time he paid the money, constituting the mistake which entitled him to reclaim it, was clearly proved and practically undisputed.    But even if there was any doubt or conflict on that point, the case is relieved from all difficulty in that regard by the course of the trial.    Both parties requested the court to direct a verdict, and the direction for the plaintiff has conclusively settled all the facts in favor of the judgment.

The record discloses no tenable ground for interfering with the judgment, and it should be affirmed, with costs.

All concur, except PARKER, Ch. J., dissenting, and HAIGHT, J., not voting.

Judgment affirmed.