HAYWARD et al. v. EMPIRE STATE SUGAR CO. et al.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1905.)

1. NOTES—PRESENTMENT FOR PAYMENT—WAIVER.

Where an indorser of a note, executed by a corporation of which he was president, waived "all notice of presentment, dishonor and protest," he did not thereby waive presentment and demand of payment.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, §§ 1202, 1207.]

2. SAME—JUDGMENTS—PAYMENT.

Where a note executed by a corporation and indorsed by its president was given in satisfaction of the balance due on a judgment, and such note was renewed at maturity, the transaction operated merely as an extension of time of payment, and neither the original nor the renewal note operated as an extinguishment of the original indebtedness.

**3. Same—Discharge of Indorser.**
> Where a renewal note, executed by a corporation and indorsed by its president, was not presented to the corporation for payment at maturity, and there was no evidence that the note, if presented, would not have been paid by the corporation, it would be presumed that it would have been so paid, and that the indorser was therefore damaged to the full extent of the note, and was thereby discharged.

Appeal from Trial Term, Wayne County.

Action by Thomas J. Hayward and another against Empire State Sugar Company and another. From a judgment dismissing the complaint as against defendant Orlando F. Thomas, plaintiffs appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Hamn & Knapp, for appellants.
Charles T. Ennis, for respondents.

WILLIAMS, J. The judgment should be affirmed, with costs. The action was upon a promissory note made by the defendant sugar company and indorsed by the defendant Thomas. The defense was that Thomas had been released from liability by failure to present and demand payment from the maker of a note given in renewal of the note in suit. The facts were all conceded, and were, briefly, as follows: The note in suit was given March 17, 1902, for $5,469.73, payable at six months to plaintiffs' order at the Bank of Wayne, Lyons, N. Y., with interest. The consideration of the note was the balance remaining unpaid upon a judgment in favor of plaintiffs and against the defendant sugar company, which was discharged upon the giving of the note. Thomas, the indorser, was then the president of the sugar company. An agreement in writing was made at the time the note was given that the note might be renewed at maturity for a further six months, Thomas indorsing the renewal note, and Thomas in such written agreement waived "all notice of presentment, dishonor and protest" of the original and renewal notes. When the original note became due September 17, 1902, it was duly protested for nonpayment, and notice given Thomas, the indorser. The renewal note was thereupon given for $5,633.82, payable at six months to plaintiffs or order at the same bank, with interest, and was indorsed by Thomas. The original note was then surrendered to the defendant sugar company, and has ever since been in its possession. The renewal note was not presented March 17, 1903, and payment demanded, but it was presented March 18, 1903, and payment demanded and refused. The action is brought on the original note, and plaintiffs offered to surrender the renewal note upon recovering on the original note. These facts being agreed on, the trial court dismissed the complaint as to the indorser Thomas. From the judgment entered upon such decision this appeal is taken.

The indorser, Thomas, by the written agreement of September 17, 1902, merely waived notice of presentment, dishonor, and protest of the two notes. He did not waive presentment and de-

mand of payment of the notes.  Cook v. Warren, 88 N. Y. 37, 41.
There was therefore a failure to charge the indorser upon the
renewal note.  The original indebtedness, however, was not ex-
tinguished by the giving of the notes therefor.  The effect was
merely to extend the time of payment until the notes respectively
became due.  The original note did not pay the debt, and the re-
newal note did not redeem the promise of the original note, nor
itself pay the original debt.  If the renewal note had been duly
presented to the maker at maturity and payment demanded, this
action could be maintained upon the original note against the maker
and indorser, the plaintiffs surrendering the renewal note.  Jagger
Iron Works v. Walker, 76 N. Y. 522.  It is claimed, however, that
the failure to present and demand payment of the renewal note op-
erated to discharge the indorser from liability upon the original
note; that the indorser was injured by failure of presentment and
demand of payment of the renewal note, and this injury extended
to the full amount of the renewal note, because, if the note had
been so presented and payment demanded, it would have been
paid by the maker, the sugar company, and the indorser relieved
entirely from the payment thereof.  It does not appear in the case
whether such payment would have been made on presentment and
demand, but, in the absence of proof, the presumption is that it
would have been so paid.  Commercial Bank v. Hughes, 17 Wend.
94; Smith v. Miller, 43 N. Y. 172, 3 Am. Rep. 690; Id., 52 N. Y.
548.  In the latter case it was said in the opinion:

"Where the omission of demand and notice cannot possibly operate to the
injury of the indorser of a note * * *, he will not be discharged, but
such injury is presumed until the plaintiff, by proof on his side, removes all
chance of damage."

Assuming that the indorser would not be released unless he suf-
fered injury, and that the renewal note would have been paid by
the maker if it had been presented at maturity and payment de-
manded, the failure of such presentment and demand certainly
injured the indorser to the extent of the full amount of the note
and interest, and discharged him from all liability upon both notes.
See First Nat. Bank v. Fourth Nat. Bank, 77 N. Y. 320–325, 33 Am.
Rep. 618; Carroll v. Sweet, 128 N. Y. 19, 22, 27 N. E. 763, 13 L. R.
A. 43; Martin v. Home Bank, 160 N. Y. 191, 54 N. E. 717.  This
was the theory upon which the case was disposed of by the trial
court, and we see no reason to disturb the decision so made.

The First Nat. Bank v. Weston, 25 App. Div. 414, 49 N. Y. Supp.
542, decided no question here involved.  All that is claimed for it
is that in the opinion Mr. Justice Adams said something that bears
upon the question we have here.  The action there was brought
upon a note.  There had been several renewal notes given there-
after.  There was no protest of the original note sued on, or of
any of the renewal notes.  The report of the case states that the
last renewal note was presented at the bank.  It is said an examina-
tion of the original record fails to show this to be true.  It was,
however, one of the facts upon which the opinion was based, and
must be considered in getting at the real meaning of the opinion.

The court said that the protest of the original note sued on was waived by the giving of the renewal note. No authority was cited for this conclusion, but Leary v. Miller, 61 N. Y. 488, had held the same doctrine over 20 years before. This was all there was said in the Weston Case on the question we have here. The case was decided upon another ground. It is said that the indorser's liability on the original note was fixed by its protest, and he was thereafter a principal debtor, and could not claim the rights of an indorser merely on the renewal note. By the written agreement of all the parties, there was to be a renewal for six months from the maturity of the original note, and when, pursuant to this agreement, the renewal note was given, the rights of the parties thereon were precisely the same as upon the original note. The giving of the renewal note merely extended the time of payment of the original debt or note, leaving the rights of the parties to the notes unchanged. Certainly the rights of the maker and indorser, as between themselves, remained unchanged. The maker was primarily liable for the debt represented by the notes, and therefore the failure of the holder to secure payment of the renewal note from the maker injured the indorser to the extent of the full amount of the note. The holder knew what the real relations were between the maker and the indorser of the note, and should therefore bear the loss occasioned by its own neglect, rather than impose it upon the innocent indorser.

We conclude that the trial court correctly disposed of the case, and that the judgment should be affirmed as already suggested. All concur; STOVER, J., in result only.

Judgment affirmed, with costs.