### WEIL v. CORN EXCHANGE BANK.

(Supreme Court, Appellate Term.    May 6, 1909.)

BILLS AND NOTES (§ 422*)—CHECKS—NOTICE OF DISHONOR—WAIVER.

    Where the indorser of a check for deposit in defendant bank, after dishonor, gave his own check to the bank and received the dishonored check in return, with full knowledge that the bank's delay in giving him notice of the dishonor of the check had relieved him from liability as indorser, he thereby waived the bank's default, under Negotiable Instruments Law (Laws 1897, p. 742, c. 612) § 180, providing that notice of dishonor may be waived, either expressly or by implication, before the time for giving notice has arrived, or after an omission to give due notice.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1196–1208; Dec. Dig. § 422.*]

    Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max Weil against the Corn Exchange Bank. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Bowers & Sands (David G. George, of counsel), for appellant.

Moses R. Ryttenberg (I. Balch Louis, of counsel), for respondent.

SEABURY, J. This action is brought to recover damages alleged to have been caused by the defendant's failure to give due notice of dishonor of a check deposited by the plaintiff with the defendant. The facts are undisputed. On August 10, 1908, the plaintiff deposited with the defendant a check drawn by the firm of Stoffer & Pisnoff to the order of one Rosenberg. Rosenberg indorsed and delivered the check to the plaintiff for value, who indorsed it and deposited it with the defendant. The check was duly presented by the defendant, but was returned, marked "Account closed." Notice of dishonor was not given to the plaintiff until August 24th. Upon receiving notice of dishonor, the plaintiff gave his check to the defendant and received in return the dishonored check. When the plaintiff gave his check to the defendant and received in return therefor the dishonored check, he had full knowledge of all of the facts stated above. He therefore waived notice of dishonor. Negotiable Instruments Law (Laws 1897, p. 742, c. 612) § 180.

The plaintiff, with full knowledge of the facts which relieved him from liability as indorser, and which charged the bank with negligence

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by reason of its failure to give the indorser due notice of dishonor, having paid the dishonored check, thereby acknowledged his continued liability and established a waiver of the bank's laches in failing to give him due notice of dishonor. After this waiver on the part of the plaintiff he stood in the same position as if proper steps had been taken to charge him. Ross v. Hurd, 71 N. Y. 14, 27 Am. Rep. 1. In Ross v. Hurd, supra, Judge Andrews said:

> "It has been frequently held that a promise by the indorser to pay the note or bill, after he has been discharged by the failure to protest it, will bind the indorser, provided he had full knowledge of the laches when the promise was made. A promise made under these circumstances affords the clearest evidence that the indorser does not intend to take advantage of the laches of the holder; and the law, without any new consideration moving between the parties, gives effect to the promise."

The judgment is reversed and a new trial ordered with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

LEHMAN, J. (dissenting). The defendant herein received a check from the plaintiff, and thereupon with the plaintiff's consent credited the plaintiff's account with the amount of the check before collection, and thereby became a purchaser of the check, and not a holder for collection only. Metropolitan National Bank v. Loyd, 90 N. Y. 530. The bank, however, still owed the plaintiff the duty to collect the check or to return it to the plaintiff with his rights against the parties to the check unimpaired. In this respect its duties are the same as if it had taken the check only for collection. Martin v. Home Bank, 160 N. Y. 190, 54 N. E. 717. Payment of this check was refused, and the bank failed to give the plaintiff prompt notice of dishonor, but informed him some days thereafter that he could have the check only by giving a new check for the same amount. The plaintiff protested that his account was ample to cover this check; but, when informed that the bank's rules required its clients to give a new check before receiving the old check, he complied with the alleged rules.

I do not think that this was a waiver of the neglect of the bank that could bar the plaintiff's right of action. Section 180 of the negotiable instruments law provides that notice of dishonor may be waived, even after the omission to give due notice, and the waiver may be implied. It appears to me that this section was meant to cover all cases where the notice of dishonor was a condition precedent to a recovery, but not a case where the failure to give notice of dishonor has become the basis of an affirmative right of action for neglect. In such a case the waiver of the neglect would amount to a release of a cause of action already complete, and I think no acts can have such a result unless they constitute an accord and satisfaction. If the bank, as a purchaser of the check, were attempting to hold the plaintiff as a prior party, then the bank might perhaps claim that its failure to give notice of dishonor could be waived, as the prompt notice would then be simply a condition precedent to a recovery upon its part, which, like other conditions, may properly be waived; but the plaintiff here is suing

to recover for the neglect of the bank, a neglect which he had not waived before its commission and had not released after its commission. It is true that, if the act of the plaintiff did amount to a waiver of the notice of dishonor, even as a condition precedent to a recovery by the defendant, the plaintiff should not be allowed to recover here, because the defendant would then have a right of action against the plaintiff as a prior holder, and there would be simply a circuity of action.

Such a waiver must be clearly established, and will not be inferred from doubtful or equivocal acts or language. Ross v. Hurd, 71 N. Y. 14, 18, 27 Am. Rep. 1. In this case it appears to me that the acts and language of the plaintiff showed only an intention to wipe out the previous credit by the bank of the amount of the check to his account. They should be given no other force, and the plaintiff should be allowed to recover damages for the uncontradicted neglect of the defendant.

The judgment should be affirmed, with costs.