Bebgam", J. (dissenting).
Although the complaint alleges that there had been a prior adjudication in litigation between the parties to the effect that plaintiff was a joint owner of the brokerage account here involved, the record in the case shows that plaintiff newly presented the issue of ownership on the trial of the present action. The proof on this included, at considerable length, the plaintiff’s testimony of sources of family income.
On this issue, thus freshly presented and by-passing whatever effect the prior judgment may have had, the affirmed findings of fact are against the plaintiff, i.e., the trial court found on the merits after hearing her evidence, and the Appellate Division agreed, that she did not have any interest in the brokerage account or in the funds which created it. Such a finding would normally be binding on this court.
Plaintiff argued also at the trial that subdivision 1 of section 3-311 of the General Obligations Law enacted in 1959 (ch. 580, adding Domestic Relations Law, § 56-a, transferred to General Obligations Law by L. 1963, ch. 576), which in effect created a joint tenancy in such an account as this between husband and wife, applied to the present case. But the court held it did not affect the status of an account created (1956) long before the statute took effect.
The argument for application of the amended statute to the existing account was the plaintiff’s main contention at the Appellate Division and in the application of plaintiff for permission to appeal to this court after affirmance, and was again asserted in the present appeal in this court.
The court is about to reverse the Appellate Division on a ground (res judicata) which was not argued in that court and which was abandoned on that appeal. Nor was it expressly argued in the application to this court for permission to appeal. Technically, no doubt, the court has the power to consider the issue notwithstanding, but it is unwise appellate policy to do so *444 and it would be better to treat it as an abandoned appellate contention.
There are cases where this court has confirmed its power to hear issues not raised or considered in the intermediate appellate court (e.g., Cohn v. Goldman, 76 N. Y. 284) but running against this view there has been a marked reluctance by the court to exercise the power (Matter of Lefkowitz v. Cohen, 286 N. Y. 499; Persky v. Bank of Amer. Nat. Assn., 261 N. Y. 212, 217; Wright v. Wright, 226 N. Y. 578; Martin v. Home Bank, 160 N. Y. 190, 199).
The reason for the reluctance is obvious. At great cost and under constitutional mandate we maintain an intermediate appellate system to pass upon questions of law as well as of fact. If litigants having recourse to the Appellate Divisions do not argue questions of law they regard as Trial or Special Term errors, but save their arguments for initial presentation to this court in seeking a reversal of the Appellate Division, a dual system of appellate'courts is not readily defensible.
The rule ought to be that if a law issue is not presented in the Appellate Division this court will deem it waived and not consider it as a ground for reversing.
The motion for permission to appeal made in June, 1969 is governed by rule IX (subd. [a]) of the Rules of the court effective February 1, 1969 (22 NYCRR 500.9 [a] [2]). This requires appellant to ‘ ‘ set forth the questions of law presented ’ ’ and why “ such questions merit review ”. The court ought not treat as decisive and reverse the Appellate Division in an appeal by permission on an issue not argued in the Appellate Division and not clearly set forth on the application to appeal to this court.
Appellant does not argue now, nor did she argue on the application for permission to appeal, that she did not present the issue of res judicata to the Appellate Division because it would have been futile to do so in view of that court’s prior decision affirming an order denying her summary judgment on the issue. The denial of summary judgment was not decisive of that issue. The effect of denial was that it should have been determined on the merits by a trial, and this certainly would not have precluded argument in the Appellate Division.
The order should be affirmed.
*445 Judges Burke, Scileppi and Jasen concur with Judge Breitel ; Judge Bergan dissents and votes to affirm in a separate opinion in which Chief Judge Fuld and Judge Gibson concur.
Order reversed, with costs, and the case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.