Merchants' Bank of Buffalo, Respondent, v. Louis Weill, Appellant, Impleaded with Others.

1. Bond and Mortgage — Bona Fide Assignee Affected only by Equities and Defenses Growing Out of Original Transaction. The rule, that the *bona fide* assignee of a bond and mortgage takes it subject to all equities and defenses which were valid between the original parties, applies only to those defenses growing out of the original transaction and affecting the legal inception of the bond and mortgage which were available to the mortgagor at the time of the assignment of the mortgage, and new equities arising, or defenses accruing, thereafter are not within its application.

2. Bona Fide Assignee not Affected by Defense Arising after Assignment out of an Unrecorded Collateral Agreement between Mortgagor and Mortgagee. Where mortgagees assign to a *bona fide* purchaser a bond and mortgage having a legal and valid inception and being at the time of the assignment a subsisting and valid obligation of the mortgagor, the assignee is entitled to a judgment against the mortgagor for any deficiency arising upon the sale of the mortgaged premises in an action of foreclosure upon said bond and mortgage, although after such assignment and in pursuance of an unrecorded collateral agreement executed concurrently with the bond and mortgage, the mortgagor had reconveyed the property to the mortgagees, who thereupon released him from every obligation incurred by him with reference to the property and assumed the payment of the bond and mortgage, since, when the assignment was made, the bond and mortgage were actual obligations having a valid inception, and the mortgagor is estopped from availing himself of a defense thereto growing out of a secret and unrecorded agreement between himself and the mortgagees of which the assignee had no notice.

*Merchants' Bank* v. *Weill*, 29 App. Div. 101 affirmed.

(Argued May 23, 1900; decided June 19, 1900.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 24, 1898, upon an order reversing a judgment in favor of defendant entered upon a decision of the court on trial at an Equity Term, and granting a new trial.

This was an action to foreclose a bond and mortgage and to recover judgment for a deficiency against the defendant Louis

Weill, as obligor upon the bond, if any such should arise upon a sale in foreclosure.

The facts are not in dispute. The firm of Thorne & Angell owned a plot of land in the city of Buffalo, the legal title to which was vested in Angell, who held it for the benefit of the firm. On November 5th, 1890, Angell conveyed the land to Louis Weill, for the consideration of $8,302, of which the sum of $2,302 was paid in cash. The balance was secured to be paid by the bond of Louis Weill, by which he bound himself to pay to his grantor, or to his representatives or assigns, the sum of $6,000, with interest. As collateral security for the payment of the said indebtedness mentioned in the bond, Weill, at the same time, executed a mortgage to Angell upon the premises conveyed. On January 23d, 1891, Angell assigned the said bond and mortgage to this plaintiff, as a collateral security for the payment of any and all promissory notes made and indorsed by Thorne & Angell and discounted or cashed for them by the plaintiff and for any and all renewals thereof, or any part thereof. This assignment was duly recorded in the proper office. At the time of the execution of the assignment, the plaintiff was the owner and holder of commercial paper upon which Thorne & Angell were liable either as makers or indorsers. This paper was renewed from time to time thereafter and other discounts were made by the plaintiff of paper, upon which Thorne & Angell were liable, either as makers or indorsers, and their indebtedness, when this action was commenced, largely exceeded the amount due upon the mortgage held as security. Concurrently with the execution of the bond and mortgage mentioned, an agreement in writing was made between Thorne & Angell and Weill, by the terms of which it was agreed that said Weill at any time within two years from the date thereof might elect to reconvey said premises to Thorne & Angell and that, upon such reconveyance, Thorne & Angell would pay to Weill all moneys paid by him to apply upon the purchase of the land, together with all interest paid by him upon the mortgage, etc., and, further, would release him from every obligation incurred by

him with reference to the property. This agreement was not recorded; nor was any notice thereof given to, or had by, the plaintiff.

After the assignment to the plaintiff of the bond and mortgage, Weill was notified of its having been made, within a short time, and upon one occasion, in May, 1891, he paid the interest at the plaintiff's bank. On April 30th, 1892, Weill executed and delivered to Thorne & Angell a conveyance of the premises described in the mortgage and Thorne & Angell paid to him all the sums of money, which they had agreed to pay to him in such event under the agreement hereinbefore referred to. In this conveyance Thorne & Angell, the grantees, assumed the mortgage which had been given and agreed to pay the same.

Weill's defense to the plaintiff's complaint in foreclosure was based upon the agreement, which gave to him the right within two years to rescind the purchase and to reconvey the premises to Thorne & Angell; by which reconveyance, as he claims, his bond was discharged.

The case was tried before the court without a jury and the trial court, holding that Weill's reconveyance was made in good faith and in pursuance of the contract made between him and Thorne & Angell, reached the legal conclusion that Weill was not liable for any deficiency which might arise upon a sale of the mortgaged premises. Upon appeal to the Appellate Division, so much of the judgment entered at the Trial Term as was in favor of the defendant Weill was reversed and a new trial of the action was ordered. From that order of reversal, and from the judgment entered thereupon, the defendant Weill appealed to this court; giving the usual stipulation for judgment absolute in the event of affirmance.

*Simon Fleischmann* and *Louis E. Desbecker* for appellant. The assignee of a mortgage stands in the position of his assignor. Any defense existing at the time of the assignment which the mortgagor might interpose against the mortgagee can be interposed against the assignee of the mortgage. (*Trustees of Union*

*College* v. *Wheeler*, 61 N. Y. 112; 2 Story Eq. Juris. § 1040; *Bush* v. *Lathrop*, 22 N. Y. 535; *Thompson* v. *Van Vechten*, 27 N. Y. 575; *Kirby* v. *Fitzgerald*, 31 N. Y. 425; *Reeves* v. *Kimball*, 40 N. Y. 311; *Ingraham* v. *Disborough*, 47 N. Y. 423; *Schafer* v. *Reilly*, 50 N. Y. 67; *Cutts* v. *Guild*, 57 N. Y. 229; *Briggs* v. *Langford*, 107 N. Y. 680; *Hill* v. *Hoole*, 116 N. Y. 302.) The bond and mortgage executed by Mr. Weill to Thorne & Angell, and the written agreement executed between the same parties at the same time constitute one agreement and one transaction and are to be construed together. (*Knowles* v. *Toone*, 96 N. Y. 534; Beach on Cont. § 713; *Green* v. *Schroeder*, 13 Misc. Rep. 324.) Weill's failure to inform the bank as to the collateral agreement when he paid the interest, which was four months after the bank had taken the bond and mortgage, or at any other time, could not possibly work an estoppel against him as to the bank. (*Long* v. *Poth*, 16 Misc. Rep. 85; *Jenks* v. *Quinn*, 137 N. Y. 223; *Knox* v. *M. E. Ry. Co.*, 58 Hun, 517; *Collier* v. *Miller*, 137 N. Y. 332; Code Civ. Pro. § 1338; *Parker* v. *Day*, 155 N. Y. 383; *Canda* v. *Totten*, 157 N. Y. 281; *Smith* v. *Syracuse Imp. Co.*, 161 N. Y. 184; *Metcalf* v. *Moses*, 161 N. Y. 587.)

*George J. Sicard* for respondent. The rule that the assignee of a non-negotiable chose in action takes it subject to the same equities existing against the chose in action in the hands of the assignor at the time of the assignment has no application to this case. (2 Pom. Eq. Juris. 164; *McNeil* v. *T. Nat. Bank*, 46 N. Y. 325.) The bond in the present case was a valid existing security, and there was no defense to it in the hands of Angell at the time it was assigned to the plaintiff. (*Coster* v. *Griswold*, 4 Edw. Ch. 364; 1 Jones on Mort. § 847.) Where one puts in another the apparent title to an existing non-negotiable security, such as a bond and mortgage, the person so putting it into the other's hands cannot, after an assignment to a *bona fide* holder for value, set up any equity which existed in his favor. (*McNeil* v.

*T. Nat. Bank*, 46 N. Y. 325 ; *Moore* v. *M. Nat. Bank*, 55
N. Y. 41; *Bush* v. *Lathrop*, 22 N. Y. 535 ; *Davis* v. *Austin*, 1 Ves. 247 ; *Greene* v. *Warnick*, 64 N. Y. 224.)
The defendant Weill is estopped in equity from denying his
liability to the plaintiff on the bond given by him in connection with the mortgage to Angell, and subsequently assigned
by the latter to the plaintiff. (*Simpson* v. *Del Hoyo*, 94 N.
Y. 189 ; *Simson* v. *Board of Commerce*, 43 Hun, 160 ; 120
N. Y. 623 ; *Fairbanks* v. *Sargent*, 104 N. Y. 117 ; *F. Nat.
Bank* v. *Stiles*, 22 Hun, 345 ; *Dillaye* v. *Commercial
Bank*, 51 N. Y. 345 ; *Commercial Bank* v. *Kortright*, 22
Wend. 348 ; *Snodgrass* v. *Emery*, 2 Mo. App. 1352; *Farmers'
Bank* v. *Fletcher*, 44 Iowa, 252 ; *Ferdon* v. *Miller*, 34 N. J.
Eq. 10 ; *Jacobson* v. *Dodd*, 32 N. J. Eq. 403.)

GRAY, J.    The claim of the appellant Weill is that, upon
the facts, which are uncontroverted, the bank took an assignment of the bond and mortgage from Thorne & Angell, the
mortgagees, subject to all the equities attending the original
transaction and that it must abide by the case of its assignors ;
who could not alienate anything but the beneficial interest
which they possessed, and who were bound by the private collateral agreement.    The doctrine which he invokes is that
early asserted in *Bush* v. *Lathrop*, (22 N. Y. 535), and which
the cases since then have reiterated.    (*Trustees of Union College* v. *Wheeler*, 61 N. Y. 112 ; *Green* v. *Warnick*, 64 ib.
220 ; *Bennett* v. *Bates*, 94 ib. 354 ; *Hill* v. *Hoole*, 116 ib.
299.)    They hold that the assignee of a mortgage takes it
subject to all the defenses which were valid between the original parties and this principle was borrowed from Lord THUR-
LOW's rule in *Davies* v. *Austen* (1 Ves. Jr. 247).    Within its
legitimate application, its correctness has not been disputed in
this court; but, because of the broadness of its intended
application in *Bush* v. *Lathrop*, it was soon found necessary
to place limitations upon the authority of that case in the
decisions in *McNeil* v. *Tenth National Bank*, (46 N. Y. 325),
and in *Moore* v. *Metropolitan Nat. Bank*, (55 ib. 41).    They

overruled *Bush* v. *Lathrop* in the application of the principle to its own state of facts and held that a *bona fide* purchaser for value of a non-negotiable chose in action from one upon whom the owner has, by assignment, conferred the apparent absolute ownership, where the purchase is made upon the faith of such apparent ownership, obtains a valid title as against the real owner. The decision in the latter case was based upon the doctrine of estoppel, which will preclude the real owner from asserting his title against a *bona fide* purchaser from one upon whom he has conferred apparent ownership and apparent absolute authority to convey. (*Green* v. *Warnick, supra.*) The doctrine of *Bush* v. *Lathrop* was so broad as to be inequitable in applying a principle otherwise correct and undisputed to cases such as those of shares of corporations, or other personal property, where the legal title being capable of transfer by assignment, the true owner has apparently conferred upon another the full power of disposition.

I do not think that the rule, upon which the appellant relies, applies to the facts of the present case, and that it relates, as Mr. Justice FOLLETT observed of it, in rendering the opinion which prevailed below, "to defenses arising out of matters inherent in the contract by which the chose in action is evidenced and existing before it is assigned." When this assignment was made, there was no defense to the mortgage. It was a subsisting and valid obligation for the amount expressed as owing by Weill and his present defense to the enforcement of his liability arises from his exercising an option, conferred by an unrecorded and collateral agreement, to rescind the sale of the property and thus to be relieved from the obligation growing out of it. But this could not be said to have been a defense to the mortgage existing at the time of its assignment; for it was one which was brought into existence by the mortgagor at a time subsequent. *Non constat* that he would ever exercise his option to rescind under the collateral agreement and whether he would do so, would depend upon events, or considerations, subsequently occurrring and influencing its exercise. The cases, to which the appellant refers us, are not

parallel in their facts and I find none which is. Generally, with reference to mortgages, they relate to defenses growing out of the original transaction and affecting their legal inception as liens, or as obligations of the mortgagor. I think the rule was intended, and should be held, to apply to those defenses, legal or equitable, which were available to the mortgagor at the time of the assignment of the mortgage and that new equities arising, or defenses accruing, thereafter, are not within its application. The ordinary duty incumbent upon the purchaser of a bond and mortgage, for his protection, is to estop the mortgagor, by his formal declarations as to the amount being justly due and owing, from thereafter questioning his liability; but the bank could never, in reason, have anticipated a defense to an actual obligation, which was dependent for its existence upon the mortgagor's availing himself in the future of an option conferred by a secret agreement made between himself and the mortgagee. Had such an agreement appeared in the bond and mortgage, the assignee, of course, would have taken at its risk, if at all.

When this assignment was made the bond and mortgage were actual obligations, having a valid inception, and if the debtor chose not to give public notice of his private executory agreement, by recording, it was certainly incumbent upon him to inform the bank, if he proposed to avail himself of its provisions.

In my opinion, the plaintiff was entitled to enforce the appellant's liability upon his bond, to its full extent, for any deficiency arising upon a sale of the mortgaged premises; inasmuch as it is found that Thorne & Angell's indebtedness was in an amount in excess of the amount due upon the mortgage held as collateral to the indebtedness.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON and WERNER, JJ., concur; MARTIN, J., dissents.

Judgment affirmed.