SIMON PERSKY, Respondent, *v.* BANK OF AMERICA NATIONAL ASSOCIATION, Appellant.

(Argued December 13, 1932; decided February 28, 1933.)

*Justus Sheffield, Carl A. Mead* and *Frank A. Severance* for appellant. The note was non-negotiable. (*Beadall* v. *Moore*, 199 App. Div. 531; *Bright* v. *Offield*, 81 Wash. 442; *Page* v. *Ford*, 65 Ore. 450; *Smith* v. *Myers*, 207 Ill. 126; *Walker* v. *Thompson*, 108 Mich. 686; *Des Moines Sav. Bank* v. *Arthur*, 163 Iowa, 205; *Farquhar* v. *Fidelity Ins. T. & S. D. Co.*, 8 Fed. Cas. No. 4676; *Vancouver Nat. Bank* v. *Starr*, 123 Wash. 58; *Adams* v. *Leavens*, 20 Conn. 73; *Cushman* v. *Haynes*, 37 Mass. 132; *Dodge* v. *Emerson*, 34 Me. 96; *Marrett* v. *Equitable Ins. Co.*, 54 Me. 537; *Bacon* v. *Bates*, 53 Vt. 30.) Questions which involve the entire controversy, and the determination of which would entirely eliminate liability, may always be raised on appeal even though they were not specifically referred to even upon a trial, provided the facts upon which the question is raised appear in the record. (*Oneida Bank* v. *Ontario Bank*, 21 N. Y. 490; *Cook* v. *Whipple,* 55 N. Y. 150; *Wright* v. *Wright*, 226 N. Y. 578; *Raible* v. *Hygienic Ice Co.*, 134 App. Div. 705.) Plaintiff as transferee of a non-negotiable instrument took it subject to all defenses and equities, not only those in favor of the maker, but also those in favor of all other prior

indorsers against their indorsees. (*Belmont Branch Bank* v. *Hoge*, 35 N. Y. 65; *Bush* v. *Lathrop*, 22 N. Y. 535; *Schafer* v. *Reilly*, 50 N. Y. 61; *Bacon* v. *Burnham*, 37 N. Y. 614; *Trustees of Williams College* v. *Wheeler*, 61 N. Y. 88.) Plaintiff's indorsee could not recover against his indorser, the trust company, upon its indorsement to him. (*Palmer* v. *Hussey*, 59 N. Y. 647; *Messmore* v. *Meyer*, 56 N. J. L. 31; *First Nat. Bank* v. *Dorvall*, 89 N. J. L. 298; *Carr* v. *Wainwright*, 43 Fed. Rep. [2d] 507.)

*Samuel M. Chapin* and *Monroe Chapin* for respondent. The case having been submitted to the Supreme Court and the Appellate Division upon the theory that the note was a negotiable instrument, defendant may not now, for the first time, raise the question of its non-negotiability. (*Mazurkiewicz* v. *Dawholonek*, 111 Conn. 65; *Schumacher* v. *Miller*, 111 Conn. 568; *Oatman* v. *Taylor*, 29 N. Y. 649; *Nod-Away Co.* v. *Carroll*, 240 N. Y. 252; *Martin* v. *Home Bank*, 160 N. Y. 190; *Dobbins* v. *Syracuse R. R. Co.*, 215 N. Y. 674; *Ridall* v. *Courson*, 252 N. Y. 592.) Even if the instrument is non-negotiable, defendant, an indorser thereof, is liable to a *bona fide* purchaser for value before maturity and without notice. (*Seymour* v. *Van Slyck*, 8 Wend. 403; 15 Wend. 19; *Griswold* v. *Slocum*, 10 Barb. 402; *Richards* v. *Warring*, 39 Barb. 42; 1 Keyes, 575; *Cromwell* v. *Hewitt*, 40 N. Y. 491; *Newman* v. *Frost*, 52 N. Y. 422; *Paine* v. *Noelky*, 53 How. Pr. 273; 54 How. Pr. 333; *McMullen* v. *Rafferty*, 89 N. Y. 456; *Roe* v. *Hallett*, 34 Hun, 128; *New York Security & Trust Co.* v. *Manhattan Athletic Club*, 81 Hun, 33; *Nagel* v. *Lutz*, 41 App. Div. 193; *Strong* v. *Strong*, 231 App. Div. 428.) Plaintiff is a transferee before maturity from a party who reacquired the instrument prior to maturity and he can enforce the instrument against any prior indorser, including defendant. (*West Boston Bank* v. *Thompson*, 124 Mass. 506; *Eckert* v. *Cameron*, 43 Penn. St. 120; *Rogers* v. *Gallagher*, 49 Ill. 182; *National Bank* v. *Lindsey*, 2 Boyce [Del.], 83; *Haug* v. *Riley*, 101 Ga. 372; *Michler* v. *Reed*, 76 Penn. St. 76;

*Morris* v. *Morton*, 14 Neb. 358; *Ervin & Lane* v. *Schaffer & Curtis*, 9 Ohio St. 43; *Adrian* v. *McCaskill*, 103 N. C. 182; *Cellers* v. *Meachem*, 49 Ore. 186; *Dunnington* v. *Bank of Crewe*, 144 Va. 36; *Bank* v. *Williams*, 164 Ky. 143; *Richards* v. *Market Exchange Bank*, 81 Ohio St. 348; *Clem* v. *Chapman*, 262 S. W. Rep. 168; *Hager* v. *Bank*, 138 Md. 252; *Vanderford* v. *Farmers & Mechanics Bank*, 105 Md. 164.) Plaintiff is a transferee from a holder in due course and took free of all defenses between prior indorsers. (Neg. Inst. Law, §§ 91, 96, 98; *Gruntal* v. *U. S. Fidelity & Guaranty Co.*, 254 N. Y. 468; *Horan* v. *Mason*, 141 App. Div. 89.)

LEHMAN, J. Summary judgment in the sum of forty-six thousand dollars, together with interest of over ten thousand dollars, has been entered in favor of the plaintiff for the unpaid balance of a promissory note made by one Maria di Francesco to the order of one Alexander Capasso. The note is annexed to the complaint. It is dated June 14th, 1926. It contains a promise to pay the sum of $50,000 " in successive semi-annual payments of not less than One Thousand Dollars each * * * for a period of eight years from date, and the balance then due to be payable on demand thereafter, with interest on the principal unpaid at the rate of six per cent. per annum, payable semi-annually, together with all taxes assessed upon said sum against said payee or the holder of this note."

On the back of the note appear the following indorsements: " New Haven, Conn. June 14th, 1926. Pay to the order of The Italian Discount and Trust Company, with recourse to me, Alexander Capasso. Alexander Capasso. New York, November 30th, 1926, Pay to the order of Alexander Capasso, Italian Discount and Trust Co., Mano Olivetti, Asst. Secy." The defendant is the successor in interest of the Italian Discount and Trust Company which indorsed the note and is subject to all the obligations of that company.

The liability asserted by the plaintiff in this action is based upon that indorsement. The defendant does not dispute the validity of the note or the amount due thereon. It disputes only that it is liable, as indorser, to the plaintiff. Upon motion of the plaintiff, the Appellate Division has ordered the answer to be stricken out and has granted summary judgment in favor of the plaintiff and against the defendant.

The answer alleges that the note in suit was secured by a mortgage; that the note and mortgage were indorsed and assigned by Alexander Capasso, the payee, to the Italian Discount and Trust Company as collateral security for money due from him to the trust company; that the debt was thereafter paid and the note and mortgage were then reindorsed and reassigned to Capasso and that the plaintiff took the note with full knowledge and notice of that transaction. The affidavits presented by the plaintiff show that he paid full value for the instrument and had no knowledge or notice of the transaction between the payee and the trust company beyond what is disclosed by the note itself and the indorsements upon it. The proof of these facts is not challenged by the affidavits interposed by the defendant. The question remains whether upon these facts the plaintiff is entitled to judgment. That is a question of law arising on undisputed facts.

There can be no doubt that Capasso, the payee of the note, who had indorsed the note to the trust company "with recourse," could not have maintained an action against the Trust Company upon the subsequent reindorsement and redelivery of the note by the Trust Company to him, even if the note was a negotiable instrument. (Neg. Inst. Law; Cons. Laws, ch. 38, § 80.) The Appellate Division has said that "this inhibition is leveled against the party who has reacquired the note and prevents him from enforcing payment against any intervening indorser to whom he was liable; * * * it is of no avail as

against plaintiff, a *bona fide* holder for value before maturity." (235 App. Div. 146, 150.) The appellant does not question the general rule so stated when applied to negotiable instruments; it contends that the instrument is not negotiable and that the plaintiff, as assignee, takes title to the instrument subject to every defense available against his assignor. We consider only that question.

The maker of the instrument promises to pay not only the sum of $50,000, with interest, which is a "sum certain," but also "all taxes assessed upon said sum" against the payee or holder of the note, and the amount of the taxes which may be assessed thereafter is not a sum certain. (*Mechanics Bank of New Haven* v. *Johnson*, 104 Conn. 696, and cases there cited.) For that reason, the promissory note is not a negotiable instrument. (Neg. Inst. Law, §§ 20 and 21.) That point was overlooked in the courts below, and the appellant frankly concedes that in the arguments presented in those courts there was a tacit assumption that the rights of the parties were governed by the law of negotiable instruments. Indeed, the description of the note in the plaintiff's affidavit contains no reference to any promise to pay taxes and the defendant did not point out any error in the description. It was accepted by the courts below. The right of the appellants to change the theory, upon which the motion for judgment was argued below, is challenged now.

We have said that " it is well settled that this court will not, for the purpose of reversing a ·judgment, entertain questions not raised or argued at the trial, or upon the intermediate appeal (citing cases)." (*Martin* v. *Home Bank*, 160 N. Y. 190, 199.) It is also true that " as general rule a party who has obtained a judgment will not be allowed in this court to sustain that judgment upon grounds which were not considered in the courts below." (*Wright* v. *Wright*, 226 N. Y. 578.) We do not intend to change or weaken these rules, but they are not applicable

in this case. In our review we are confined to the *questions* raised or argued at the trial but not to the arguments there presented. " Nor is it material whether the case was well presented to the court below, in the arguments addressed to it. It was the duty of the judges to ascertain and declare the whole law upon the undisputed facts spread before them; and it is our duty now to give such judgment as they ought to have given." (*Oneida Bank* v. *Ontario Bank,* 21 N. Y. 490, 504.)

Here the note was spread before the courts below, though doubtless the assumption of both parties that the note was negotiable may have led the courts to refrain from examining the note or considering its legal effect. The question of law presented to the courts below was whether in a suit upon that note the defendant had the right to interpose a defense. Certainly it cannot be said the trial judge had no right to examine the note and consider its effect. Indeed, for all that appears, he may have done so. That was involved in the question presented to him. The same question is presented here, and we must review his decision upon that question as well as the contrary ruling of the Appellate Division. As argument that the ruling was wrong, the appellant has a right to urge here a proposition of law which appeared upon the face of the record and which could not have been avoided if brought to the attention of the respondent in the court below. (*Wright* v. *Wright, supra.* See, also, *Murdock* v. *Ward,* 178 U. S. 139.) The question might be different if there had been a trial of the action at which no ruling on that proposition was asked, and hence no erroneous ruling could be brought to this court for review by appropriate exception. A judgment can be rendered against a defendant only as the result of a conclusion of law from facts found or not disputed. Trials are held to enable parties to bring to the court for decision disputed questions of fact or law, and parties who fail to avail themselves of the opportunity offered them to present such

questions of fact or law to a trial court cannot on appeal present them for decision in this court. Where, however, facts found or conclusively proven do not justify the conclusions of law upon which a judgment rests, it is not too late to point out the error in an appellate court, even though the original error was due in whole or in part to lack of timely care or wisdom on the part of counsel. Since our attention has been called to the fact, apparent on the face of the papers, that the note is not negotiable, the question of what would be the rights of the parties if the instrument were negotiable is irrelevant and academic. We express no opinion on such question, and pass to the question we must decide.

Ordinarily the indorsement of a note, which is not negotiable, evidences not merely an assignment of the note but a new contract by the indorser to pay the note as guarantor or as maker. (*Seymour* v. *Van Slyck*, 8 Wend. 403; *Cromwell* v. *Hewitt*, 40 N. Y. 491; *McMullen* v. *Rafferty*, 89 N. Y. 456.) That was clearly the intent of the payee here when he indorsed the note to the Trust Company " with recourse " against himself. The Trust Company could assign the note, and that contract, to a third party, and if it made the assignment by indorsement it could be held upon an independent contract of guaranty or to pay the note. The Trust Company did not assign to a third party; it merely reindorsed the note to the payee, from whom it had received the note, with a guaranty of payment. There must always be two parties to a contract and a promise to pay or a guaranty of a payment ceases to be a contract when the promisor becomes the owner of his own promise. Thus, the prior independent promise of guaranty or payment made by the payee to the Trust Company, lost all force when the note, together with the indorsements upon it, was reassigned by the Trust Company to the promisor. That was the purpose and effect of the reassignment. The promise could then

be given renewed force only by some act of the promisor himself.

It is said that nevertheless the indorsement, by implication, created a new promise, by the indorsers, of guaranty or payment. To whom was such a promise made by implication? Certainly not to the indorsee who was also a prior indorser " with recourse." Not to subsequent holders of the note, for the note was not negotiable, and any assignee of the note, together with the indorsements upon it, would receive only such rights or title as the assignor possessed.

It is too well established to require argument that ordinarily the assignee of an instrument which is not negotiable takes title subject to all equities and defenses which could be urged against his assignor. (*Bush* v. *Lathrop*, 22 N. Y. 535.) The limits of that rule have been defined in *Merchants' Bank* v. *Weill* (163 N. Y. 486, 491). It is confined ordinarily to " defenses arising out of matters inherent in the contract by which the chose in action is evidenced and existing before it is assigned." It does not apply ordinarily to equities arising after assignment. This case falls plainly within the rule even though so limited.

At times, it is true, the doctrine of estoppel may preclude a defendant from asserting a defense against an assignee which he might have asserted against the assignor (See *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 325; *Moore* v. *Metropolitan Nat. Bank*, 55 N. Y. 41), but so far as now appears the defendant has done nothing upon which an estoppel can be based. Assuming that ordinarily an indorsement of a non-negotiable instrument is a promise of guaranty or payment, here the equities which would defeat an action to enforce the promise, if brought by the plaintiff's assignor, appear on the face of the instrument. The law merchant facilitates the free circulation of negotiable instruments before maturity.

Every promise embodied in such instruments is made with knowledge and intent that it may be transferred to holders for value free from equities arising between the original parties to the action. Every general indorser of a negotiable instrument gives a warranty and engagement *to all subsequent holders in due course* which is enforceable by a subsequent holder accordingly. (Neg. Inst. Law, § 116.) Not so a party to an instrument which is not negotiable. His promise is made to a particular person and any person accepting an assignment of the promise is bound to know that he acquires no greater rights or better title than his assignor possessed. The defendant never clothed the plaintiff's assignor with apparent authority to assign more than his rights as they appeared on the instrument and subject to all equities which might be asserted against him.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.