Chief Judge Desmond
(concurring with Judge Burke). Finding no precedent for a holding that an executor defending in Surrogate’s Court against an alleged creditor’s claim has a right to a jury trial, I concur in Judge Burke’s opinion.
There is, besides, another reason for affirmance. On the undisputed facts and even if we assume that the executrix had a right to a jury trial, she as a matter of law waived it. Section 67 of the Surrogate’s Court Act says that, where there is a right to trial by jury on an issue of fact, the jury is ‘ ‘ deemed waived ’ ’ unless demanded in a writing which in the case of a respondent must be ‘ ‘ served with his answer or objections ” on the opposing attorney and “filed with the clerk of the court within three days after such service ”. This respondent’s answer (labeled “Affidavit in Opposition”) was *266 served and filed in January, 1960 but no demand for a jury trial was made until two months later. The paper served in January was of course an answer since in it respondent disputed “ the validity of the petitioner’s claim”, stated that no accounting was necessary since the estate’s assets were sufficient for all purposes and she was the sole beneficiary, and requested and consented that there be a trial of the issues in the Surrogate’s Court, It is suggested that the waiver argument comes too late. It was presented in the Appellate Division but not passed on in that court since the court’s holding was that there was no right to a jury trial. It is properly before us since it relates to a question of law only, appears on the face of the record and could not have been avoided if brought to appellant’s attention below (Persky v. Bank of America Nat. Assn., 261 N. Y. 212, 217-219; People v. Dwell, 1 N Y 2d 132, 134; Cohen and Karger, Powers of the New York Court of Appeals, pp. 626, 630).
The order should be affirmed, with costs, and the certified question answered in the negative.
Opinion by Judge Bergan in which Judges Dye, Fuld and Van Voorhis concur; Judge Scileppi concurs in result in the following memorandum: I concur in the result but only on the basis of the facts presented here. The parties in effect waived the accounting proceeding, consenting to a trial limited to the contested claim. If the claim were sued on in the Supreme Court, the parties would be entitled to a jury trial; why not so in this case? Judge Burke dissents in an opinion in which Chief Judge Desmond concurs in a separate opinion.
Order reversed, with costs in this court and in the Appellate Division, and the matter remitted to the Surrogates’ Court for further proceedings in accordance with the opinion herein. Question certified answered in the affirmative.