■ ANTHONY ADAMO et al., Appellants, v. TOWN OF BABYLON et al., Respondents.— In an action to declare the Zoning Ordinance of the Town of Babylon void with respect to plaintiffs' property, and for other related relief, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered December 19, 1968 after a nonjury trial, which *inter alia* dismissed the complaint. Judgment modified, on the law and the facts, by striking therefrom the second decretal paragraph and substituting therefor a provision declaring the zoning ordinance valid with respect to plaintiffs' property. As so modified, judgment affirmed, without costs (see *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51; *Town Board* v. *City of Poughkeepsie,* 22 A D 2d 270, 276). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ WILLIAM BLOOME, Respondent, v. ROBERT A. GLASSER et al., Commissioners of the New York State Harness Racing Commission, Appellants.— In an action for a declaratory judgment, defendants appeal from an order of the Supreme Court, Queens County, dated March 25, 1969, which denied their motion for summary judgment. Order reversed, on the law, with $10 costs and disbursements, and motion granted. In January, 1967 plaintiff, then defendants' administrative steward, a position in the exempt class of the civil service, refused to execute a waiver of immunity and testify before a Grand Jury which was investigating a harness race. In June 1968 plaintiff, alleging that defendants had discharged him because of his refusal to execute the waiver and testify before the Grand Jury, commenced the action at bar for a judgment declaring that his discharge was unlawful, that he is entitled to his former position, and that he should be paid the moneys he would have been paid had he not been discharged (cf. *Gardner* v. *Broderick,* 392 U. S. 273; *Uniformed Sanitation Men* v. *Commissioner,* 392 U. S. 280). In our opinion, defendants' motion for summary judgment should have been granted on the ground that a civil servant, alleging an unlawful discharge, cannot regain his employment unless he commences a proceeding pursuant to article 78 of the CPLR (*Austin* v. *Board of Higher Educ.,* 5 N Y 2d 430). Hence, though we do not suggest that a former civil servant in the exempt class may question his discharge in an article 78 proceeding, we do hold that if plaintiff did have the right to a judicial review of his discharge, he could not assert it in a declaratory judgment action begun after the period provided for the commencement of an article 78 proceeding (cf. *Board of Educ. Cent.* v. *Allen,* 25 A D 2d 659). Though the restriction of plaintiff to an article 78 proceeding was not raised at Special Term, it is nevertheless arguable here (*Persky* v. *Bank of America Nat. Assn.,* 261 N. Y. 212). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.