Breitel, J.
This appeal involves an action by a wife to recover, inter alia, one half of some $24,800 withdrawn by her husband, defendant-respondent, from a brokerage account held at that time in the names of both spouses. Prior to the instant action, and some two weeks after the withdrawal in question, the wife had brought an action for separation against her husband. The dispositive issue, on this appeal is the res judicata effect of the judgment previously rendered in the separation action.
The merits of the present action must be determined by the nature of the ownership interest in the brokerage account. If the wife had only a bare right of survivorship she is entitled to no relief. If, on the other hand, she was an owner, either as a true joint tenant or as a tenant in common with her husband, then she is entitled, and as to this the parties seem to agree, to one half of the sum withdrawn on February 12, 1965 by the husband.
If the ownership of the brokerage account was determined in the action for separation, then the prior judgment has the effect of res judicata, and determines the basic issue for this action. In the matrimonial action the wife sought no relief with respect to property, but the husband interposed counterclaims in which, among other things, he alleged that his wife had no interest in the brokerage account and sought a decree that he was the sole owner.
After trial in the prior action the wife was awarded a separation, and the husband’s counterclaims were dismissed on the merits. The trial court, in granting a separation and dismissing the counterclaims, wrote a memorandum in which it unambiguously concluded that the disputed personal assets, including the brokerage account, were owned by both spouses. Thereafter there was an appeal to the Appellate Division which affirmed the judgment of separation and, presumably, the recited dismissal of the counterclaims (27 A D 2d 750). In any event, subsequent to the appeal a motion was made to resettle the judgment, which until then had only recited the dismissal, to dismiss the counterclaims expressly. From this resettlement-there was no further appeal.
In this action the wife moved for summary judgment upon the ground of res judicata based on the judgment in the separation *437 action. The motion was denied at Special Term and the Appellate Division affirmed (26 A D 2d 993). No further appeal was taken, but upon the trial she pressed her res judicata argument. The trial court concluded that plaintiff was not entitled to urge res judicata because the question had been resolved by the denial of summary judgment, affirmed by the Appellate Division.*
Although the law of the case must have frustrated her effort, the wife had urged res judicata on the trial. It is uncontradicted by her, however, that the issue was no't raised again in the Appellate Division. She raises it again, however, in this court. Defendant husband argues that by the wife’s failure to raise the contention in the Appellate Division, she has abandoned or waived her right to rely on it.
The doctrine of res judicata is available to plaintiff wife in this court and, therefore, must determine the issues.
First, in the classic sense of the doctrine of law of the case, the issue was not available to plaintiff wife either in the trial court or before the Appellate Division on the subsequent appeal from the trial judgment in this action. The affirmed prior denial of summary judgment on which this pure question of law was raised was determinative for all courts but this one. (See Rager v. McCloskey, 305 N. Y. 75, 78; Hornstein v. Podwitz, 254 N. Y. 443, 450; Walker v. Gerli, 257 App. Div. 249, 251-252; 5B C. J. S., Appeal & Error, §§ 1821, 1829, 1839, pp. 181-190, 20A-208.) It would have been both bootless and inappropriate for the wife to reargue the point in the Appellate Division. If *438 the strong doctrine of the law of the case was not to be violated, the Appellate Division could not properly pass upon the question anew. Hence, for this reason alone, there has been no abandonment or waiver which would or should bar the wife from raising res judicata in this court.
Secondly, apart from the law of the case, it is well established that questions raised in the trial court or in the record, even if not argued in the intermediate appellate court, are nevertheless available in the Court of Appeals. Thus, it has been stated in the definitive treatise on the jurisdiction and practice of this court, that “ If the question is properly presented in the court of first instance, it is available in the Court of Appeals even though not suggested in the Appellate Division ” (Cohen and Karger, Powers of the New York Court of Appeals, n. 1, at p. 624).
The rule was best stated in Cohn v. Goldman (76 N. Y. 284, 287): “It is, indeed, a rule, that questions not raised at the trial court, which might have been obviated by the action of the court then, or by that of the other party, will not be heard on appeal as ground of error. And it is not uncommon for courts to pass over in silence exceptions not brought to their notice by counsel. But we know of no rule which prevents counsel from urging, in an appellate court, a point distinctly made and preserved at the trial court, because it has not been made to an intermediate appellate court. If the exception presents clear error, and one of materiality, which may have influenced the fate of the trial, an appellant may be indulged in bringing it to notice on his final appeal.”
More recently, in discussing the effect of waiver in the Appellate Division upon a party’s right to present an argument on appeal to the Court of Appeals, this court, in Ross v. Caywood (162 N. Y. 259, 264), said: “ In thus discussing the question of waiver upon the theory of the respondent, we do not wish to be understood as holding by implication that a waiver may be implied from the failure to raise the point upon the intermediate appeal.”
The rule has not been qualified. True, there are cases like Matter of Lefkowitz v. Cohen (286 N. Y. 499); Persky v. Bank of Amer. Nat. Assn. (261 N. Y. 212); Wright v. Wright (226 N. Y. 578); Martin v. Home Bank (160 N. Y. 190), which reveal *439 a less than absolute reluctance to consider new questions. But each involved new questions of law raised for the first time in this court and which had never been raised in the trial court or in the Appellate Division (Matter of Lefkowitz v. Cohen, supra, at p. 502; Persky v. Bank of Amer. Nat. Assn., supra, at p. 217; Wright v. Wright, supra, at p. 578; Martin v. Home Bank, supra, at p. 199). Moreover, despite newness of the questions in the Wright and Persky cases, they were entertained in this court.
It should also be noted that the general rule concerning questions raised neither at the trial nor at previous stages of appeal is far less restrictive than some case language would indicate. Thus, it has been said: “if a conclusive question is presented on appeal, it does not matter that the question is a new one not previously suggested. No party should prevail on appeal, given an unimpeachable showing that he had no case in the trial court.” (Cohen & Karger, op. cit. supra, pp. 627-628.) Of course, where new contentions could have been obviated or cured by factual showings or legal countersteps, they may not be raised on appeal. But contentions which could not have been so obviated or cured below may be raised on appeal for the first time. There are some exceptions to this liberalizing rule, none relevant to this case: they include concessions made by counsel, new questions on motions for reargument, and most constitutional questions. (See, generally, Cohen & Karger, op. cit. supra, ch. 17, Review of New Questions on Appeal, pp. 624-643.)
Consequently, for these reasons plaintiff wife was entitled to urge res judicata in this court.
As noted earlier, both parties seem to agree that the wife would be entitled to one half of the withdrawn funds if she were a full-fledged co-owner of the account. The husband urged, however, that under the law applicable to the account when it was opened in 1956, there existed a presumption that if the husband had funded the account, a wife, although named together as owner with her husband, held only a right of survivorship (Belfanc v. Belfanc, 252 App. Div. 453, atfd. 278 N. Y. 563; see, generally, for an extensive analysis, 1959 Report of N. Y. Law Rev. Comm., Presumptions of Intention as to Nature of Rights in Personal Property Standing in the Names of Husband and Wife, pp. 367-385). The wife’s attempts to rebut or avoid this presumption on the instant trial were unsuccessful.
*440 Although the prior matrimonial action and this action each involved different sums of money on deposit in or withdrawn from the brokerage account, the right to the deposits or withdrawals is determined by the nature of the ownership in the account as an entirety. Since the ownership was determined on the counterclaims in the earlier matrimonial action, the prior determination operates as a collateral estoppel and precludes a contrary finding in this action. The independent and contrary findings of law and fact in the present action, both at nisi prius and in the Appellate Division are, therefore, as a matter of law, error.
The pleadings, decision, and judgment in the prior action, made a part of the present record, reveal that the issue of ownership was litigated and necessarily determined. In the counterclaims interposed in the matrimonial action, the husband sought: (1) to be declared a trustee of the joint brokerage account, to hold for his own benefit; (2) an order directing the wife to transfer all interest in the joint account to her husband; and (3) to enjoin the wife from encumbering or disposing of the account. He argued that the account was opened and subsequently funded with moneys contributed solely by him; that the account was made joint solely for the convenience of the parties, and that the wife had no interest in the account or in the securities purchased or sold thereunder. These allegations of fact were denied by the wife.
The trial court, in the matrimonial action, by its memorandum dated February 15, 1966, rejected the counterclaims in the following language: “With respect to defendants’ counterclaims, as to which defendant had the burden of proof, this Court is of the opinion that the defendant has utterly failed to meet that burden. The parties have been joint owners of the real estate and the margin joint stock account for many years. Defendant in his affidavit in opposition to plaintiff’s motion for alimony pendente lite and counsel fee always referred to said property as ‘ our ’ present home, ‘ our ’ assets, ‘ our ’ household account; he stated: 'Our home — our brokerage account — our savings account, * * * all of these were owned jointly. My partner is Dorothy’s brother. There are no secrets or secret hiding places as to earnings or savings or any other part of our lives. ’ *441 Manifestly, said counterclaims were interposed as an after thought. In any event this Court was not impressed with defendant’s testimony concerning said counterclaims nor convinced that there was any merit to them. Accordingly, defendant’s counterclaims are dismissed on the merits.”
The original judgment in the matrimonial action recited: ‘ ‘ testimony having been taken * * * having made findings of fact and conclusions of law deciding * * * that the plaintiff was entitled to a judgment dismissing * * * the two (2) counterclaims, on the merits ”. The resettled judgment, after repeating the above, formally dismissed the two counterclaims on the merits. Most important, although the judgment in the matrimonial action was modified as to amounts of support, it was affirmed as modified by the Appellate Division, and there was no appeal from the subsequently resettled judgment.
The husband’s counterclaims in the matrimonial action were not interposed merely to eliminate his wife’s right of survivor-ship in the account. Indeed, this was a very minor incidental, he being very much alive. He alleged that his wife did not contribute to the account, which she denied. The court’s rejection of the husband’s factual allegations of intent and sole financial contribution to the account necessarily implied the opposite finding of intent or of contribution, either direct or indirect, by the wife. The operative facts regarding the account at the time the matrimonial action commenced, February 26,1965, were the same on February 12, 1965, when the moneys were withdrawn. In both actions the same account is involved, albeit different funds, and the rule as to the account controls the rights to the funds.
A contrary reading of the matrimonial judgment would render it virtually incomprehensible. Under the law existent in 1956, and as stated in the leading case of Belfanc v. Belfanc (252 App. Div. 453, 456, affd. 278 N. Y. 563, supra), the wife’s right of survivorship is presumed only “as it were, by way of gift causa mortis * * * And during his life the husband retains his complete ownership, control and right of disposition, and the wife has no interest therein enforcible against him. [citations omitted] * * * A different rule prevails, however, when it *442 appears from the evidence that the investment arose from joint contributions of husband and wife, or when the source of ownership of the funds is not known. Then the husband and wife take as tenants in common under the statute, [citations omitted] And contrariwise, neither the presumption nor the statute will control when the evidence establishes a variant intention of the parties to take and hold the properties otherwise.”
In summary, there would have been no need for the husband to interpose counterclaims if he were interested only in negating a bare right of survivorship in the wife, rather than a substantial ownership, for he could have withdrawn the funds at will; nor, for the same reasons, would he have sought or required injunctive relief and the execution of documents of ownership. » It is clear that the husband sought instead to prove that there had been no contribution from his wife, or any intent to confer more than a right of survivorship, thus assuring his sole ownership. This contention was rejected in the matrimonial court and its judgment is, therefore, binding on the husband in the present action..
The judgment in the prior matrimonial action conclusively establishes that the wife had a co-ownership in the account. It may not be argued anew in the present action that all that she had was a right of survivorship. The former judgment works a collateral estoppel as to the husband’s defenses on that issue in the present action (see, e.g., Hinchey v. Sellers, 7 N Y 2d 287, 293-294; Ripley v. Storer, 309 N. Y. 506, 511-519; Restatement, Judgments, § 68). Nor is it possible for this court on this appeal to evaluate the cogency of the evidence upon which the wife succeeded in persuading the matrimonial court, for the full record in that action was not presented or argued before this court. Moreover, on res judicata principles it is immaterial. However, there must have been a strong case, including, at the very least, the admissions by the husband which the matrimonial court quoted in its memorandum decision, to sustain the finding that the wife was a true co-owner of the disputed assets. This decision may have been based on a finding that the husband intended a “gift” or that there had been direct or indirect contributions by the wife from her own earnings.
*443 Accordingly, the order should be reversed and plaintiff should recover judgment for one half of the withdrawn funds, namely $12,400, together with such ancillary relief as may be appropriate.

 To the extent pertinent, the trial court stated as follows:
“ The record shows that plaintiff moved for summary judgment in the instant case; that said motion was predicated upon the fact that plaintiff had obtained a judgment of separation against the defendant on February 23, 1966 in the Supreme Court of Rockland County; and plaintiff urges that said judgment must be considered as res judicata of the issues relating thereto in the instant case.
“ It appears, however, that despite plaintiff’s arguments, the motion for summary judgment was denied at Special Term, the court holding that questions of facts were presented which required a trial for disposition. It further appears that said decision and the order entered thereon were unanimously affirmed by the Appellate Division.
“Accordingly, I am constrained to hold that the principle of res judicata urged by plaintiff, as here, was rejected by Special Term,, and on appeal, and is, therefore, unavailable and inapplicable.”