McCooe, J.
(dissenting). The Civil Court had subject matter jurisdiction of this summary proceeding and the judgment cannot be collaterally attacked. (Lacks v Lacks, 41 NY2d 71, 75; CCA 204.) Any issue not preserved in the trial court should not be considered on this appeal.
The landlord lives in this four-family multiple dwelling in the apartment underneath the tenant. The basis for this proceeding was that the tenant made vulgar and harassing telephone calls to the landlord at 5:00 to 6:00 a.m.; there were water leaks from the tenant’s apartment; they banged on pipes, walls, floor and landlord’s door; they removed a wall, door and structural supports, exposing electrical wires and denied access to the subject apartment. The Environmental Control Board issued a violation and a fine for the wall that was removed. The trial court found for the landlord but did not make specific findings of fact.
The majority cites Telaro v Telaro (25 NY2d 433) for the proposition that the Court of Appeals can consider arguments not raised in the Appellate Division. The argument had been raised at the trial level only. The three-person dissenting opinion (at 444) stated that “there has been a marked reluctance by the court to exercise the power” and that an issue not raised in the Appellate Division should be considered waived.
Literally accepting the language of the Court of Appeals quoted by the majority would require an appellate court to consider an issue not preserved in the trial court if it would be determinative of the result. Therefore, nonpreserved issues as basic as the Statutes of Frauds or Limitations which would be determinative could not be waived. This is contrary to law and would render the principle of preservation almost meaningless. The better practice is to limit the Telaro case {supra) to subject matter jurisdiction or interest of justice cases.
There is no reasoned basis shown for this court to exercise *943 its discretion and consider an issue not raised in the trial court. The judgment should be affirmed.
Parness, P. J., and Davis, J., concur; McCooe, J., dissents in a separate memorandum.