JOINER, Judge,
concurring specially.
I concur with this Court’s decision to reverse the circuit court’s order granting Teddy Lee Knox’s motion to suppress. I write specially, however, to address this Court’s citation of State v. Pollard, 160 So.3d 826, 831 n. 3 (Ala.Crim.App.2013), as a basis for addressing the State’s argument on appeal.
Here, Knox moved.to suppress evidence obtained by law enforcement after a traffic stop had been completed and a canine search of the vehicle Knox was driving had been conducted. The State, at the hearing on Knox’s motion to suppress, presented the testimony of three witnesses, which *1210 was undisputed. The circuit court, in its written order granting Knox’s motion to suppress, framed the issue to be addressed at the suppression hearing as follows:
“[Knox] maintains that the officer had no reasonable suspicion to detain him after the warning citation was issued and no. light to instigate the canine sniff of his vehicle.”
(C. 10.) ■ In other words, the circuit court believed that the dispositive issue on the motion to suppress was whether Knox was properly detained after he had been issued a “warning citation.” . The circuit court, applying the standards set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), concluded that Officer Wilson failed to articulate reasonable suspicion “to detain Knox beyond the point in time when the officer gave Knox the warning citation and told him he was free to go.” (C. 14-15.)
The State, in its brief on appeal, contends that “Knox was not being detained at the time of the canine search.” 201 So.3d at 1207. This Court correctly recognizes that the State’s argument on appeal was not specifically raised in the circuit court and also correctly recognizes that the State’s failure to raise this specific argument in the circuit court does not preclude our review of the State’s argument on appeal. 201 So.3d at 1207 n. 1. This.Court addressed this precise issue in State v. Pollard.
In Pollard, this Court held that, although the State’s argument on appeal was not first raised in the circuit court, we review the grant of a motion to suppress— which is based on undisputed evidence— under a de novo standard of review and that the State’s argument did not raise a “new question of law” but, instead, merely asserted á “new argument” as a basis for reversing the circuit court’s decision. 160 So.3d at 831 n. 3. This Court in Pollard, in deciding whether the State’s argument on appeal was properly before this Court, did not address an issue of first impression; instead, this Court based its decision on the Alabama Supreme Court’s holding in Ex parte Jenkins, 26 So.3d 464 (Ala.2009).
In Ex parte Jenkins, as in this case and in Pollard, the Alabama Supreme Court addressed a. circuit court’s grant of a motion to suppress and the State argued in the Supreme Court an argument that was not first raised in the lower court. 26 So.3d. at 473 n. 7. In his dissent, Justice Woodall “criticize[d]” the decision to address the State’s argument based on the principle asserted “in Avis Rent A Car Systems, Inc. v. Heilman, 876 So.2d 1111, 1124 n. 8 (Ala.2003), that ‘ “[a]n argument not made on appeal is abandoned or waived.’” 26 So.3d at 485.” Id, The Alabama Supreme Court, however, noted:
“Properly viewed .. ■. the rule upon which the dissent attempts to rely is one that generally prevents an appellant from raising on appeal a question or theory that has not been preserved for appellate review, not the provision to a •higher court of an additional specific reason or authority for a theory or position asserted by the party in the lower court. The fundamental rule in this regard, as stated in Corpus Juris Secun-dum, is that a ‘higher court normally will not consider a question which the intermediate court could not consider.’ 5 C.J.S. Appeal and Error § 977 (2007). However, ‘[a]lthdugh on appeal from an intermediate court the higher court may be limited to the questions of law raised or argued at the trial, it is not limited to the arguments there presented.’ 5 C.J.S. Appeal and Error § 978 (2007) (emphasis added). In other words, ‘[n]ew arguments or authorities may be presented on appeal, although no new *1211 questions can be raised.’ 4 C.J.S. Appeal and Error § 297 (emphasis added).
“In Kerbs v. California Eastern Airways, Inc., 33 Del.Ch. 69, 80, 90 A.2d 652, 659 (1952), for example, the court put it this way:
“ ‘It should be noted that the plaintiffs did not call Section 9 of the General Corporation Law to the [trial court’s] attention, 'but argued solely that the presence of interested directors could not be ignored in determining whether the plan received a majority favorable vote at the Board’s meeting. While the plaintiffs did not urge this precise reason for the illegality of the directors’ act upon the Chancellor, they did, however, argue its illegality. We will not permit a litigant to raise in this court for the first time matters not argued below where to do so would be to raise an entirely new theory of his case, but when the argument is merely an additional reason in support of a proposition urged below, there is no acceptable reason why in the interest of a speedy end to litigation the argument should not be considered. We think the point falls within the class of additional reasons supporting the plaintiffs’ theory.’
“(Emphasis added.) See also Board of Comm’rs of Orleans Levee Dish v. Shushan, 197 La. 598, 611, 2 So.2d 35, 39-40 (1941) (‘The rule [that an appellate court will not consider, for the first time, matters not raised in the court of original jurisdiction] has reference only to controversies arising under the pleadings or the evidence and not to contentions urged in the argument of counsel. The Supreme Court decides a case on the issues presented by the pleadings or the evidence, and not on the argument of counsel in the court below, or even on the reasons assigned by the trial judge.’).
• “In the earlier case'of Persky v. Bank of America National Ass’n, 261 N.Y. 212, 185 N.E. 77 (1933), the Court began by noting that
“ ‘ “it is well settled that this court will not, for the purpose of reversing a judgment, entertain questions not raised or argued at the trial, or upon the intermediate appeal.” ’
“261 N.Y. at 217, 185 N.E. at 79 (quoting Martin v. Home Bank, 160 N.Y. 190, 199, 54 N.E. 717 (1899) (emphasis added)). The court thereafter explained that this rule was not applicable in the case before it:
“ ‘In our review we are confined to the questions raised or argued at the trial but not to the arguments there presented. “Nor is ' it material whether the case was well presented to the court below, in the arguments addressed to it. It was the duty of the judges to ascertain and declare the whole law upon the undisputed facts spread before them; and it is our duty now to give such judgment as they ought to have given.” (Oneida Bank v. Ontario Bank, 21 N.Y. 490, 504 [(1860)].)’
“261 N.Y. at 218, 185 N.E. at 79 (all but first emphasis added).
“The foregoing principles jiave been recognized in Alabama cases. Although not dealing with the precise appellate review issue, presented here, the case of Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 960 (Ala.2004), addressed the possibility of a litigant ‘miscalculat[ing] the applicability of the appropriate rule of law,’ The Court, cited Williams-Guice v. Board of Education of Chicago, 45 F.3d 161, 164 (7th Cir.1995), for the proposition that
*1212 “ * “litigants’ failure to address the legal question from the right perspective does not .render [the appellate court] powerless to work the problem out properly. A court of appeals may and often should do so unbidden rather than apply an incorrect rule of law to the parties” circumstances.’
“Also in Hodurski, this Court quoted with approval from another federal decision:
“ ‘ “ ‘Appellate review does not consist of supine submission to erroneous legal concepts even though none of the parties declaimed the applicable law below. Our duty is to enunciate the law on the record facts. Neither the parties nor the trial judge, by agreement or passivity, can force us to abdicate our appellate responsibility.’ ” ’
“Hodurski, 899 So.2d at 960 (quoting Forshey v. Principi, 284 F.3d 1335, 1357 n. 20 (Fed.Cir.), cert. denied, 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002), quoting in turn Empire Life Ins. Co. of America v. Valdak Corp., 468 F.2d 330, 334 (5th Cir.1972)).
“In. Home Indemnity Co. v. Reed Equipment Co., 381 So.2d 45, 50 (Ala.1980), the Court explained that ‘[t]he rule requiring adherence to the theory relied on below ... does not mean the parties are limited in the appellate court to the same reasons or arguments advanced in the lower court upon the matter or question in issue. 5 Am.Jur.2d, Appeal and Error, § 546 at 32.’ (Emphasis added), relied upon in Associated Gen. Contractors Workers Compensation Self Ins. Fund v. Williams, 982 So.2d 557 (Ala.Civ.App.2007). See also 'Alabama Medicaid Agency v. Beverly Enters., 521 So.2d 1329, 1333 (Ala.Civ.App.1987) (apparently stating the' general rule discussed above, albeit using different terminology, namely ‘that an appellant may present new theories in support of its position for the first time on appeal’ (emphasis added)).
“In the present case, the question whether the language of the warrant describing the object of the search was specific enough, to satisfy the ‘thing-to-be-seized’ requirement within the so-called ‘particularity clause’ of the Fourth Amendment to the United States Constitution has existed throughout. In response to a motion to suppress, the trial court decided this issue against the State and in favor of Jenkins. The trial court’s order analyzed the issue in-depth and concluded that the language of the warrant did not satisfy the particularity clause of the Fourth Amendment. The State timely sought review of this order in the Court of Criminal Appeals pursuant to Rule 15.7(a), Ala. R.Crim. P., maintaining that the trial court had erred in its ruling against the State on this issue. The State, by its citation to this Court of the Montana and South Carolina Supreme Court cases quoted in the text, is simply giving this Court the benefit of an additional ‘precise reason’ and authority as to why, as a matter of law, the trial court wrongly decided this issue.”
26 So.3d at 473 n. 7.
Here, although the issue raised by the State in its brief on appeal was not first presented to the circuit court, the State is not raising a “new question of law”; instead, the State is raising an “additional ‘precise reason’ and authority as to why, as a matter of law, the trial court wrongly decided this issue.” Ex parte Jenkins, 26 So.3d at 473 n. 7.
The State’s
“failure to address the legal question from the right perspective does not render [this Court] powerless to work the problem out properly. A court of ap *1213 peals may and often should do so unbidden rather than apply an incorrect rule of law to the parties circumstances.”
Id. (internal quotations and citations omitted). The position taken in Jenkins, Pollard, and this case is especially prudent when this Court applies a de novo standard of review to a circuit court’s grant of a- motion to suppress. Ignoring the additional precise reason provided by the State for reversing the circuit court’s order granting Knox’s motion to suppress would require this Court to “overlook” an undisputed fact—that Knox consented to prolonging the “detention”—and would further require this Court to “overlook” the circuit court’s incorrect application of the law to the undisputed facts in this case.